Johnny Steven **RICHARDSON**,
Appellant,

v.

The **STATE** of Texas, State.

No. 2–91–130–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 28, 1992.

George C. Thompson, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall and Tanya S. Dohoney, Assts., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Johnny Steven Richardson of a conviction by jury for the offense of unlawfully carrying a weapon on licensed premises. TEX.PENAL CODE ANN. § 46.02(c) (Vernon 1989). Punishment was set by the jury at twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his four points of error, Richardson asserts that the trial court erred: (1) in denying his motion to suppress evidence; (2) in admitting evidence obtained in a warrantless search when there was no showing of consent; (3) because the evidence was insufficient to sustain his conviction for carrying a weapon on licensed premises; and (4) in denying his motion for mistrial since a jury instruction was insufficient to cure a prejudicial hearsay statement.

We affirm.

### Statement of Facts

On the morning of September 27, 1989, Officer Edward Church and Officer Lisa Fortinberry were dispatched to a convenience store on Wichita Street in Fort Worth after someone had reported the presence of an armed man inside of the

store. While entering the Rainbow Giant convenience store, the officers passed a black male who was exiting the store simultaneously. The store manager, Abraham Abdallah, identified the appellant whom the officers had just passed as being the man with the handgun. The officers then went outside to the car in the parking lot in which Richardson was seated as a passenger. As the officers approached, they observed Richardson and the driver attempting to conceal something under the seat; the officers asked the two men to exit the vehicle in order to conduct a pat-down search. Officer Fortinberry observed a handgun lying on the floor of the vehicle. The loaded handgun was within the reach of both occupants of the car. Two clips which fit the handgun were found in Richardson's left-front pants pocket. Abdallah then identified the handgun as the one that Richardson had been carrying inside the store. The Rainbow Giant convenience store was licensed to sell alcoholic beverages on the date of the offense.

### Appellant's Points of Error

■ Richardson contends in his first point that the trial court improperly denied his motion to suppress evidence. However, the officers in the present case detained Richardson and the other man in the vehicle after being informed by Abdallah that Richardson was the man with the handgun. Circumstances short of probable cause may justify temporary detention for purposes of investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim. App.1989). To justify the investigative stop, an officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the person stopped. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906; *Schwartz v. State*, 635 S.W.2d 545, 547 (Tex.Crim. [Panel Op.] 1982); *Davis v. State*, 783 S.W.2d 313, 317 (Tex.App.—Corpus Christi 1990, no pet.). "There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or has occurred, some

suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime." *Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim.App.1987). If the activity relied upon by the officer is as consistent with innocent behavior as it is with criminal activity, a detention based on these activities is unlawful. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983). A brief stop of a suspicious individual in order to determine identity or to maintain the status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time of the stop. *Livingston v. State*, 739 S.W.2d 311, 326 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). In light of the information provided by Abdallah, the officers' initial detention of the vehicle's occupants was entirely proper.

■ Officer Fortinberry testified that after Richardson and his companion got out of the car, a handgun was observed on the floorboard. The "plain view" doctrine requires that the following two conditions be satisfied: (1) the initial intrusion must be proper, in other words, the police have a right to be where they are when the discovery was made and (2) it must be "immediately apparent" to the police that they have evidence before them (i.e., probable cause to associate the property with criminal activity). *Horton v. California*, 496 U.S. 128, 137, 110 S.Ct. 2301, 2304, 110 L.Ed.2d 112, 118 (1990); *Haley v. State*, 811 S.W.2d 600, 603 (Tex.Crim.App.1991). As outlined *supra*, the initial intrusion of the officers was a proper *Terry* stop. Additionally, the observation of a handgun on the floorboard of this vehicle satisfied the "immediately apparent" requirement of the "plain view" doctrine. We therefore find that the officers' seizure of the firearm was proper.

In this point of error, Richardson claims that the trial court erred in denying his motion to suppress the seizure of the firearm because it was illegally seized by police officers from a vehicle in which the appellant was a passenger. The basis of

the appellant's motion was that the search was unreasonable, illegal, and in violation of constitutional provisions prohibiting warrantless searches and seizures. We disagree. We hold that the detention of Richardson was proper as was the seizure of the handgun. The police officers did not contravene the protections of the fourth amendment to the United States Constitution or article 1, section 9 of the Texas Constitution. The appellant's first point of error is overruled.

Richardson charges in his second point that the trial court erred in admitting the evidence obtained in the warrantless search when there was no showing that the appellant's consent was freely and voluntarily given. However, as discussed previously, the officers made a proper *Terry* stop which, when coupled with the "plain view" doctrine, authorized the seizure of the handgun. The officers did not require Richardson's free and voluntary consent. The appellant's second point of error is overruled.

The appellant's third point maintains that the evidence was insufficient to sustain his conviction for unlawfully carrying a weapon on licensed premises. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

After reviewing the evidence before the jury, there is sufficient evidence based upon the testimony of Abdallah for the jury to conclude that Richardson was carrying a handgun in the convenience store. Also, the firearm was subsequently discovered by the officers in a vehicle in which Richardson was a passenger while the automobile was still on licensed premises. Section 11.49(a) of the Alcoholic Beverage Code provides:

### § 11.49. Premises Defined; Designation of Licensed Premises

(a) In this code, "premises" means the grounds and all buildings, vehicles, and appurtenances pertaining to the grounds, including any adjacent premises if they are directly or indirectly under the control of the same person.

TEX.ALCO.BEV.CODE ANN. § 11.49(a) (Vernon 1978). In the present case, Officer Fortinberry testified that the firearm was readily accessible to either passenger in the vehicle. We hold that the parking lot of a licensed premises is a part of the "premises" pursuant to section 11.49(a) of the Alcoholic Beverage Code. *See Wishnow v. Texas Alcoholic Beverage Com'n*, 757 S.W.2d 404, 410 (Tex.App.—Houston [14th Dist.] 1988, pet. denied). Hence, Richardson could have been found to have been in possession of an unlawful weapon on licensed premises while in the convenience store or while inside the vehicle which was on the Rainbow Giant parking lot. We find that the jury had sufficient evidence to find Richardson guilty of possessing an unlawful weapon on licensed premises beyond a

reasonable doubt. The appellant's third point of error is overruled.

 In his fourth and final point, Richardson asserts that the trial court erred in denying his motion for mistrial since a jury instruction was insufficient to cure a prejudicial hearsay statement made by a State witness. Following is the complained-of portion of Officer Church's testimony:

A. (Witness) Okay. We took the weapon, and Officer Claussen, it was in her possession, we took the gun inside the front door of the store there and asked Mr. Abdallah if that was the weapon that he had seen tucked in the pants loop here of the belt of his waist, if that was the gun that he had seen the Defendant carrying inside the store. Mr. Abdallah said, "Yes. That's the weapon."

THE COURT: Just a moment.

MR. THOMPSON [Defendant's Counsel]: We would like to renew our objection to everything he said, Your Honor, as being hearsay.

THE COURT: The objection is sustained as to what the owner of the property said.

MR. THOMPSON: We'd like to ask the Court to instruct the jury to disregard anything the other said—

THE COURT: Let me finish, Counsel, please. The jury is instructed to disregard totally any statement the owner of the property told this officer.

MR. THOMPSON: And realizing, Your Honor, the Court has done everything that he has in his power to do by instructing the jury, I believe that this is so strong that the jury would not be able to wipe it out of their minds. We would like to ask for a mistrial at this time, Your Honor.

THE COURT: Motion is denied. Let's proceed.

Generally, an instruction to disregard will cure error, except in extreme cases where it appears the question or evidence is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced in the jurors' minds. *See Coe v. State*, 683 S.W.2d 431, 436 (Tex.

Crim.App.1984); *Carter v. State*, 614 S.W.2d 821, 824–25 (Tex.Crim.App. [Panel Op.] 1981). We hold that the trial court's direct and explicit instruction to the jury to disregard the hearsay statement of Officer Church was adequate to cure any error. We overrule point of error number four.

The judgment of the trial court is affirmed.