**Billy Gene TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00508–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1994.

---

Virginia K. Fewell, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Desiree Wayne, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Billy Gene Terry, guilty of carrying a weapon on premises licensed for sale of alcoholic beverages, found two enhancement paragraphs true, and assessed punishment at 32–years confinement. In three points of error, appellant argues that: (1) the definition of premises in TEX. ALCO.BEV.CODE ANN. § 11.49(a) (Vernon 1978) was improperly applied to TEX.PENAL CODE ANN. § 46.02(c) (Vernon Pamph.1994) in the jury charge; (2) the evidence was insufficient to sustain the conviction; and (3) the prosecutor made an improper jury argument. We affirm.

On February 13, 1993, at approximately 12:30 a.m., Houston police officer Charles Starks was on patrol in northeast Houston when he was notified of someone discharging firearms at the 525 Club (the Club) located at 508 Aldine Bender. When Starks and his partner arrived two minutes later, they saw appellant with a gun standing near a trash dumpster about 15 feet from the front door of the club. When the officers approached, Starks shined his flashlight at appellant, who fled. Appellant ran into a wooded area, threw the gun about 10 feet away from him, and hid behind a tree. The officers caught, arrested, and searched appellant, who was apparently intoxicated. He had a magazine with some live rounds in his right front pocket, and 23 rounds of live ammunition in his jacket.

■ In point of error one, appellant contends that the definition of "premises" in TEX.ALCO.BEV.CODE ANN. § 11.49(a) was improperly applied to TEX.PENAL CODE ANN. § 46.02(c) in the jury charge. At trial, appellant made no objection to the jury charge, offered no alternative definition, and made no objection to the prosecutor's reference to the definition in closing argument. To obtain reversal as the result of unobjected to error in the jury charge, appellant must show egregious harm, i.e., so harmful that he was denied "a fair and impartial trial." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g); *Turner v. State,* 721 S.W.2d 909, 912 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ The charge included the following definition pursuant to TEX.ALCO.BEV.CODE ANN. § 11.49(a):

> "Premises" means the grounds and all buildings, vehicles, and appurtenances pertaining to the grounds, including any adjacent premises if they are directly or indirectly under the control of the same person.

Appellant argues that because the Penal Code fails to define "premises," it is to be understood as ordinary usage allows, and thus the jurors should have been allowed to freely give it any meaning that is acceptable in common parlance. He claims that the Alcoholic and Beverage Code definition imposes a broader definition than that used in common parlance.

Appellant was convicted under TEX.PENAL CODE ANN. § 46.02(c), which provides that:

> An offense under this section is a felony of the third degree if it occurs on any *premises licensed* or issued a permit by this state

for the sale or service of alcoholic beverages.

(Emphasis added). The Penal Code provision refers to "premises licensed ... by this state for the sale ... of alcoholic beverages." To determine the definition of "premises," one *must* read the Alcoholic & Beverage Code to discover that it includes the grounds, buildings, vehicles, and appurtenances pertaining to the grounds, including any adjacent premises if they are directly or indirectly under the control of the same person. We find that the Penal Code reference to "premises licensed ... by this state for the sale ... of alcoholic beverages," properly allows for the use of the Alcoholic & Beverage Code definition of "premises" in the jury charge; therefore, there was no error. *See also Richardson v. State*, 823 S.W.2d 773 (Tex. App.—Fort Worth 1992, no pet.) (Alcoholic & Beverage Code definition of "premises" may properly be applied to Penal Code). We overrule point of error one.

■ In point of error two, appellant contends that the evidence was insufficient to show that he was on the licensed premises of the Club at the time of the offense. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.; Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The jury, as trier of fact, is the sole judge of the credibility of witnesses, *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988), and may believe or disbelieve all or any part of a witness' testimony. *Id.; Smith v. State*, 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). A jury may believe a witness even though his testimony is contradicted. *Sharp*, 707 S.W.2d at 614.

■ Appellant concedes that if we allow the jury definition of "premises" to stand, the parking lot would be included. However, he argues that even if the parking lot is included as part of the premises, there is no evidence to show him in the parking lot.

Officer Parmley, a Texas Alcoholic Beverage Commission (ABC) agent, testified that the Club was a licensed club; the liquor permit was introduced into evidence. Parmley described the ABC licensed premises as including "all the outbuildings, the grounds, everything that's pertaining to the club that is directly or indirectly under the control of the permittee." Lisa Ann Luxenburg, a bartender at the Club on the night of the incident, testified that she heard gunshots. She further stated that the parking lot was used by the Club's customers and maintained by the Club's employees, and that the Club owned and used a dumpster, located adjacent to the Club. Officer Starks testified that they arrived at the Club within two minutes of receiving the dispatch; that when he first saw appellant, he had a gun in his hand and stood about 15 feet from the Club's front doors, near the corner of the building. On the State's exhibit four, Starks marked the appellant's location as in the parking lot. The police report reflects that Starks first saw appellant standing next to the dumpster. We find this evidence sufficient for a rational trier of fact to believe that at the time of the offense appellant was on the Club's premises, either in the parking lot as marked by Starks on the State's exhibit four, or next to the dumpster, as reflected on the police report. Both locations were shown to be directly or indirectly under the control of the permitee. We overrule point of error two.

In point of error three, appellant contends that the following jury argument by the State was improper:

I submit to you we want you to use the definition of reasonable doubt, and we want to use it as it applies to this case, not to something much more serious like brain surgery which any reasonable person

would want to have proof to them beyond much more than a reasonable doubt.

In that case you would want what's known as *clear and convincing evidence* or beyond all doubt if you want to tell a doctor it's okay to slice open my head. That's not what we are talking about here.

(Emphasis in appellant's brief.) The prosecutor's next statement is, "What we need to prove to you is beyond a reasonable doubt."

We first note that appellant did not preserve error. His counsel failed to make an objection. *Briddle v. State*, 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543–44, 102 L.Ed.2d 573 (1988); *Sanchez v. State*, 589 S.W.2d 422, 424 (Tex.Crim.App.1979) (failure to object to argument waives error); TEX. R.APP.P. 52(a). However, even if appellant had preserved error, we believe no error occurred. The prosecutor correctly instructed the jury on what the burden of proof is, and what it is not. Moreover, the prosecutor was responding to defense counsel's argument that the burden of proof was the same as that needed when one is deciding on whether to have brain surgery. We overrule point of error three.

We affirm the trial court's judgment.