NO. 07-01-0151-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 26, 2003



______________________________




WALTER BURTON HAWKINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;



NO. 33,578; HONORABLE ALLEN LERNER, JUDGE



_______________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)



ON MOTION FOR REHEARING




 On December 6, 2002, we abated this appeal and remanded the cause to the trial
court on the basis that the judgment underlying the appeal failed to reflect the finality of
appellant's convictions for aggravated kidnapping and aggravated assault. By its Motion
for Rehearing, (2) the State argues that the judgment in this case contains all of the
necessary recitations to meet the requirements enumerated in article 42.01 of the Texas
Code of Criminal Procedure. Agreeing, we grant the State's motion for rehearing, withdraw
our original opinion, judgment, and mandate, and in lieu, issue the following opinion. 

 Because appellant does not challenge the sufficiency of the evidence to support
his conviction, only a brief recitation of the facts is necessary to a disposition of this
appeal. On July 20, 2000, officers were dispatched to a home in Waller County because
of a possible shooting. Upon their arrival, they located the victim, Ivan Floyd, who
appeared to have gunshot wounds to his mid-section. Through the course of the
investigation, officers learned that appellant, along with three other individuals, abducted
the victim in the city of Houston, bound and gagged him, and transported him to Fort Bend
County, where they shot him. (3) 




 Appellant was charged in a two-count indictment with engaging in organized
criminal activity in violation of article 71.02 of the Texas Penal Code (Vernon 2003). (4) 
Specifically, the first paragraph of count one of the indictment alleged that appellant 

 with intent to establish, maintain and participate in a combination and in the
profits of a combination did then and there conspire and agree with Donald
Thompson, Jason Jarrett and Roman Powers to commit the criminal offense
of murder, and . . . pursuant to said agreement did then and there perform
an overt act, to-wit: shoot Ivan Floyd with a firearm.


In count two's second paragraph, it was alleged that appellant


 with intent to establish, maintain and participate in a combination and in the
profits of a combination, did then and there conspire and agree with Donald
Thompson, Jason Jarrett and Roman Powers to commit the criminal offense
of aggravated kidnapping, and . . . pursuant to said agreement did then and
there perform an overt act, to-wit: abduct Ivan Floyd and use and exhibit a
deadly weapon, namely, a firearm during said abduction. 


Finally, in count two of the indictment, appellant was alleged to have

 

 commit[ted] the offense of aggravated assault by shooting an individual, Ivan
Floyd with a firearm, and said offense was committed with intent to establish,
maintain and participate in a combination and in the profits of a
combination. (5)

 

 At the conclusion of the State's evidence at trial, the court granted appellant's
motion for instructed verdict in part, finding the evidence insufficient to support the
submission of a fact issue to the jury concerning the organized criminal activity portions
of the indictment. However, the court denied appellant's motion for instructed verdict
regarding the lesser included offenses of aggravated kidnapping in count one and
aggravated assault in count two. (6) Finding appellant guilty of both offenses, the jury
assessed as punishment a ten-year probated sentence for the aggravated kidnapping
charge and five years confinement in the Institutional Division of the Texas Department of
Criminal Justice for the aggravated assault charge. By this appeal, appellant challenges
only the conviction for aggravated assault.

 In his first point of error, appellant complains he was subjected to multiple
punishments for the same criminal conduct in violation of the Fifth Amendment's
prohibition against double jeopardy when the trial court entered judgments of conviction
against him for both aggravated kidnapping and aggravated assault. U.S. Const., amend.
V. (7) Specifically, he contends that because the indictment alleged against him but one
offense, engaging in organized criminal activity, and the jury found him guilty of the lesser
included offense of aggravated kidnapping, double jeopardy barred him from being subject
to the additional punishment for aggravated assault.

 In support of his contention, appellant relies upon Nguyen v. State, 1 S.W.3d 694
(Tex.Cr.App. 1999). In Nguyen, the Court held that the phrase "collaborate in carrying on
criminal activities" from the organized criminal activity statute cannot be understood to
include an agreement to jointly commit a single crime. Nguyen, 1 S.W.3d at 697. In the
case at bar, the trial court, following Nguyen, determined that the State failed to prove the
organized criminal activity portions of the indictment. However, the trial court concluded
that the State had raised fact issues with respect to aggravated kidnapping and
aggravated assault sufficient to warrant the submission to the jury of those two offenses
as lesser included ones. 

 In spite of appellant's assertions to the contrary, nothing in the Nguyen decision
restricted the trial court's decision whether to submit one or more lesser included offenses
after finding the State had failed to meet its burden regarding the organized criminal
activity elements of the indictment. Therefore, the issue left to resolve under appellant's
first point of error is whether double jeopardy barred multiple punishments for aggravated
kidnapping and aggravated assault offenses arising out of the same criminal transaction. 


 The Double Jeopardy Clause of the United States Constitution embodies three
protections: (1) it protects against a second prosecution for the same offense after
acquittal; (2) it protects against a second prosecution for the same offense after conviction;
and (3) it protects against multiple punishments for the same offense. Cervantes v. State,
815 S.W.2d 569, 572 (Tex.Cr.App. 1991), cert. denied,112 S.Ct. 1213 (1992) (citing Illinois
v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)). When a defendant is
convicted of two or more crimes in a single trial, only the last of these protections is
implicated. See Ex parte Herron, 790 S.W.2d 623, 624 (Tex.Cr.App. 1990). 

 A court may impose cumulative punishment in a trial for the violation of two statutes,
regardless of whether those two statutes proscribe the "same" conduct under the other two
types of double jeopardy prohibitions, if the Legislature so intends. Reina v. State, 940
S.W.2d 770, 775 (Tex.App.-Austin 1997, pet. ref'd)(citing Missouri v. Hunter, 459 U.S.
359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, (1983)). Therefore, the double jeopardy
guarantee against multiple punishments for the same offense does no more than prevent
greater punishment than the Legislature intended. Duvall v. State, 59 S.W.3d 773, 777
(Tex.App.-Austin 2001, pet. ref'd). If a court determines the Legislature intended to
impose cumulative sentences for the same conduct, the court may end its inquiry and
impose both sentences. Reina, 940 S.W.2d at 775.

 When the same act or transaction violates two different penal statutes, the two
offenses are the same for double jeopardy purposes if one of the offenses contains all the
elements of the other; they are not the same if each offense has a unique element. 
Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). 
One of the elements of aggravated kidnapping is the abduction of another. Tex. Pen.
Code Ann. § 20.04(a) & (b) (Vernon 2003). Abduction is not an element of aggravated
assault. Tex. Pen. Code Ann. § 22.02 (Vernon 2003). In order to prove the aggravated
assault charge in this case, the State was required to prove that appellant caused, or
threatened to cause, bodily injury to the victim. Causing, or threatening to cause, bodily
injury was not an element of aggravated kidnapping as alleged here. Consequently, the
offenses for which appellant was tried and convicted each had a unique element and were
not the "same offense" under the Blockburger analysis.

 Even when two penal statutes have unique elements and are, therefore, not the
same under Blockburger, other factors may lead to the conclusion that the Legislature did
not intend to permit multiple punishments when the same conduct violates both statutes. 
Duvall, 59 S.W.2d at 777 (citing Ervin v. State, 991 S.W.2d 804, 814 (Tex.Cr.App. 1999)). 
However, none of the relevant factors enumerated in the Ervin decision apply to the
offenses at issue in this case. Aggravated kidnapping, under the facts of this case, is a
first degree felony, while aggravated assault is a second degree. Moreover, the offenses
are not contained in the same statute, are not phrased in the alternative, and are not
similarly named. Nor, is the gravamen of aggravated kidnapping and aggravated assault
the same. Rather, the focus of kidnapping is abduction, while the focus of aggravated
assault is injury or the threat of injury. Duvall, 59 S.W.2d at 778. Appellant does not
assert an imputed theory of liability which would result in the offenses being considered
the same under Blockburger. Finally, appellant does not provide, nor have we discovered
in our independent review, any legislative history containing an articulation of an intent to
treat the offenses as the same or different for double jeopardy purposes. Thus, we are not
persuaded that the Legislature intended to prohibit multiple punishments under the
circumstances shown here. Appellant's first point of error is overruled.

 Appellant suggests by his second point of error, as we perceive it, that since the first
paragraph of count one alleged conspiracy to commit murder as the underlying offense for
engaging in organized criminal activity, the offense of aggravated assault was necessarily
a lesser included one. Then, because the trial court essentially entered a judgment of
acquittal as to that allegation and any of its lesser included offenses when it partially
granted appellant's motion for instructed verdict, double jeopardy barred his conviction for
aggravated assault under count two of the indictment. We disagree.

 During the hearing on appellant's motion for instructed verdict, the trial court initially
granted the motion in its entirety. The State, however, requested and was granted the
opportunity to brief the court on the issues raised by the motion. During the subsequent
proceedings, the State, while not joining in appellant's motion, agreed not "to preserve the
point for appeal purposes . . . the granting of the Motion for Instructed Verdict as to the
engaging in organized criminal activity." With respect to the first paragraph of count one,
the State explained, "it's my understanding of the law that conspiracy to commit a crime
like murder is not a lesser included [offense] of engaging in organized criminal activity, and
so that charge would not be able to go to the Jury." Later in the proceeding, the court
announced, "All right, sir. I'm going to adopt the State's position." Taken together, we
believe the foregoing statements illustrate an intent by the State to abandon, and an intent
by the court to accept the abandonment of, the first allegation included in the indictment.

 The only legal consequence of an abandoned allegation is that a criminal defendant
cannot in a subsequent trial be prosecuted on the abandoned count. Ex parte Scelles, 511
S.W.2d 300, 301 (Tex.Cr.App. 1974). Since the State abandoned the conspiracy to
commit murder allegation prior to its submission to the jury, the trial court's written order
partially granting the motion for instructed verdict did not amount to the rendition of an
acquittal as to that allegation. As a consequence, double jeopardy did not bar appellant's
conviction under count two of the indictment. Appellant's second point of error is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.


 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. The pleading was actually entitled "The State's Motion for Rule 49.7
Reconsideration En Banc." In its prayer for relief, however, the State requested that the
Court grant its motion for rehearing. Moreover, in answer to appellant's response to the
motion, the State filed "The State's Reply to Appellee's Response to the Motion for
Rehearing." It is clear the State is attempting to avail itself of the procedures under Rule
49.1 of the Texas Rules of Appellate Procedure. Since it is the substance of the motion
that governs, not the title, we will treat the State's pleading as a motion for rehearing. Ex
parte Caldwell, 58 S.W.3d 127, 130 (Tex.Cr.App. 2000).
3. The victim survived the shooting, but was "unavailable" to testify at trial.
4. Since none of the statutes at issue have changed substantively since the trial on
the merits of this case, all citations will reference the current incarnations of those statutes. 

5. In the original indictment, each count contained two paragraphs. Prior to jury
selection, however, the State abandoned the second paragraph of count two.
6. During the hearing on appellant's motion for instructed verdict, the State
abandoned the first paragraph of count one, the charge alleging conspiracy to commit
murder as the object offense of engaging in organized criminal activity. 
7. The Double Jeopardy Clause of the United States Constitution was made
applicable to the states through the Fourteenth Amendment in Benton v. Maryland, 395
U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The clause provides, in pertinent part,
"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life
or limb."



ef="javascript:WPHide(\'WPFootnote3\')">Close' );
 document.write( '' );
 }

 He contends nothing shows he knew the handgun was
present in the console of the truck.
 
          Viewed in the light most favorable to the verdict, the evidence permits a reasonable
inference appellant was the driver and only occupant of the pickup to which he walked as
he left the bar. See Hooper, 214 S.W.3d at 16 (defining an inference as “a conclusion
reached by considering other facts and deducing a logical consequence from them”). The
testimony does not associate any other person with the pickup. Officers observed
appellant as he walked to the pickup and opened its driver’s side door. Chappell testified
the engine of the truck was running. Both officers said appellant’s actions led them to
believe he was about to drive off in the pickup. 
          If appellant was driving the pickup with the .9 mm pistol in the console next to the
driver’s seat, he was carrying it on or about his person. The phrase “on or about the
person” has been construed to mean “nearby, close at hand” or within such distance of the
accused that he can reach it without materially changing his position. Courtney v.
State, 424 S.W.2d 440 (Tex.Crim.App. 1968); Wagner v. State, 188 S.W. 1001, 1002
(1916); Burks v. State, 693 S.W.2d 747, 751 (Tex.App.–Houston [14th Dist.] 1985, pet.
ref’d). The phrase “on or about his person” has been determined to include the interior of
an automobile. See Christian v. State, 686 S.W.2d 930, 933 (Tex.Crim.App. 1985) (“we
think that the jury could reasonably infer appellant was unlawfully ‘carrying’ the nun-chucks
from the fact that he was found alone behind the wheel of an automobile which, though
parked, was running”).
          
          The jury’s inference that appellant’s carrying of the pistol was accompanied by a
culpable mental state was aided by the officers’ testimony about his actions inside the
pickup after he opened the door. Chappell said appellant reached inside the vehicle as the
officers approached.


 Chappell also said that when he reached appellant, he asked
appellant “what he was reaching for in the vehicle, because it appeared as though it was
in response to our presence.” 
          Corporal Rolland testified that appellant “looked around and saw [the officers] as he
reached his pickup.” Appellant appeared surprised to see the officers and “immediately
reached in the center area of his pickup, in the front seat area. He was scuffling around. 
I mean, we couldn’t tell what he was doing, because his door was open and he had leaned
in his truck.” Rolland further testified that as the officers came closer, appellant “finished
what he was doing, and then he got out of the truck real quick, as though he was trying to
distance himself from the truck.” Rolland concluded that, based on his experience, the
actions were those of a person who was trying to “conceal something” or “retrieve
something.” Although the officers could not see what appellant was doing inside the
vehicle, from their descriptions of his action and their reactions to it, a rational juror
reasonably could have concluded that appellant was giving furtive attention to some item
in the front seat area of his pickup as the two officers approached him. We believe the jury
rationally could infer that the object of appellant’s attention was the loaded .9 mm pistol
found in the console next to the driver’s seat. See Hooper, 214 S.W.3d at 16. It
necessarily follows that appellant would have been aware of the presence of the handgun. 
Again, viewing the evidence in the light most favorable to the verdict, we find legally
sufficient evidence supports a finding, beyond a reasonable doubt, that appellant
intentionally, knowingly or recklessly carried the pistol on or about his person. We overrule
his first issue.
Issue Two - Parking Lot as Part of Licensed Premises
          By his second issue, appellant contends that because the State presented legally
insufficient evidence the bar’s parking lot is “directly or indirectly under the control of the
same person,” it failed to prove that appellant was unlawfully carrying a handgun on a
licensed premises. 
          The jury was instructed that the term “premises” means “the grounds and all
buildings, vehicles, and appurtenances pertaining to the grounds, including an adjacent
premises if they are directly or indirectly under the control of the same person.”


 
          The officers’ testimony indicates the bar’s parking area is in front of the building. 
As Rolland described the scene as the officers first saw appellant, he said, “that front door
of the building has a sidewalk that runs along the building, and then there’s basically a
parking lot. There’s single car parking all along, and then some people often double park
behind cars there on the front row. It seemed like the whole front row was full, because the
pickup that [appellant] was walking to was parked basically behind another vehicle.”
          Appellant argues the State was required to produce evidence the parking lot was
directly or indirectly under the control of the same person. That would be true if the State
were showing appellant carried the handgun on premises adjacent to the licensed
premises. As we see the evidence, the jury could have concluded the parking lot or area
in front of the bar, in which appellant’s vehicle was parked, was a part of the bar premises,
not adjacent premises. As defined, “premises” means “the grounds and all buildings, ....” 
Tex. Alco. Bev. Code Ann. § 11.49(a) (Vernon 1979). Thus, in Richardson v. State, 823
S.W.2d 773, 776 (Tex.App.–Fort Worth 2002, no pet.), the court found the parking lot of
a convenience store to be part of the “premises” pursuant to Section 11.49(a) of the Texas
Alcoholic Beverage Code. We overrule appellant’s second issue.
Issue Three - Bar as Licensed Premises
          Appellant’s third issue challenges the legal sufficiency of the evidence presented at
trial to establish that Tres Amigos is a premises licensed or issued a permit by the State
of Texas for the sale of alcoholic beverages. At trial, the officers’ testimony that the bar is
a licensed premises was admitted over appellant’s objection that the testimony was
hearsay and violated his Sixth Amendment right of confrontation.


 
 
          On appeal, appellant reiterates his argument the testimony was inadmissible
hearsay. Acknowledging that, by rule, inadmissible hearsay admitted without objection is
not denied probative value merely because it is hearsay, Tex. R. Evid. 802, he contends
inadmissible hearsay admitted over objection should be denied probative value. Appellant
cites us to no instance in which this contention has been accepted in a criminal case, and
we find none. We reject it, because it runs counter to the well-established precept that an
appellate court, in a legal sufficiency analysis, considers all the evidence admitted before
the jury, both that admitted properly and that admitted improperly. The Court of Criminal
Appeals explained in Miles v. State, 918 S.W.2d 511, 513 (Tex.Crim.App. 1996):
We first note that in reviewing the sufficiency of the evidence, “the appellate
court must look at all the evidence, whether properly or improperly admitted.” 
Alexander v. State, 866 S.W.2d 1, 3 (Tex.Crim.App. 1993), cert. denied, 511
U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994). In the event a portion
of the evidence was erroneously admitted, the accused may complain on
appeal of such error. Thomas v. State, 753 S.W.2d 688, 695 (Tex.Crim.App.
1988). The admission of inadmissible evidence is considered trial error and
thus the proper remedy is to reverse the conviction and remand for a new
trial. See Beltran v. State, 728 S.W.2d 382, 389 (Tex.Crim.App. 1987). But
jurors do not act irrationally in taking such evidence into account, since they
are bound to receive the law from the trial judge. Thomas, 753 S.W.2d at
695. All evidence which the trial judge has ruled admissible may therefore
be weighed and considered by the jury, and a reviewing court is obligated to
assess the jury's factual findings from this perspective. Id.
 
 
          Corporal Rolland responded positively to the State’s question asking if the bar is
licensed to sell alcoholic beverages in the State of Texas.


 Aside from his contention that
the testimony was improperly admitted hearsay and thus should be denied probative value,
appellant does not argue that a rational juror could not accept the officer’s testimony as
proof beyond a reasonable doubt that the bar is a licensed premises. We find legally
sufficient evidence supports that element of the State’s case, and overrule appellant’s third
issue.



          Having overruled each of appellant’s challenges to the legal sufficiency of the
evidence supporting his conviction, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice









Do not publish.