NO. 07-06-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2008
_____

TOMAS CARREON ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,991-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK

**MEMORANDUM OPINION**

Appellant Tomas Carreon Romero appeals from his conviction for unlawfully carrying a weapon on licensed premises and his court-assessed punishment and suspended sentence of ten years imprisonment. Via three issues, appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

Background

By indictment, appellant was charged with intentionally, knowingly, or recklessly carrying on or about his person a handgun on a premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages.[1] Following a plea of not guilty, the matter proceeded to trial.

The State presented the testimony of two Amarillo police officers. Officer Scott Chappell testified that on the night of appellant's arrest, the two conducted a "routine bar check" of the Tres Amigos Bar in Amarillo. Officer Chappell testified that he had been to this establishment many times before, knows the management, and had observed the sale of alcoholic beverages on the premises. Over objection, Chappell testified that Tres Amigos is licensed to sell alcoholic beverages in the State of Texas.

Chappell said he and Corporal Michael Clay Randall observed appellant "staggering towards his–or towards a truck in a parking (sic)." As the officers walked toward appellant, he opened the vehicle's door and reached in as if he were concealing something or attempting to retrieve something from its interior. He then "came back out" of the vehicle and shut the door. Chappell testified he was concerned then that appellant was attempting to or had retrieved a weapon or was trying to retrieve or conceal some type of contraband.

---

[1] *See* Tex. Penal Code Ann. § 46.02 (Vernon 2007). This offense occurred before the September 1, 2007 effective date and thus, the offense herein is governed by the law in effect when the offense was committed.

When the officers approached appellant, they noticed a strong odor of alcoholic beverages on his breath and person, red and glassy eyes, and that he swayed and spoke with slurred speech. Appellant was arrested for public intoxication. The officers then searched appellant's vehicle incident to his arrest and found a loaded .9 mm pistol in the center console area.[2] Chappell testified that this is the same area into which he had observed appellant reaching. He further testified appellant would have been able to reach it without materially changing his position.

Appellant conducted cross-examination on both officers but presented no other witnesses. The jury found appellant guilty as charged in the indictment. The court assessed punishment at ten years imprisonment and an $8,000 fine. The court then suspended appellant's sentence and placed him on community supervision. Appellant timely filed his notice of appeal.

## Analysis

By three points of error, appellant challenges the legal sufficiency of the evidence to support his conviction. In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If,

---

[2] The pistol and magazine were entered into evidence without objection.

given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to do so. *Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007), *citing Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

Penal Code § 46.02(a) provides that a person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club. Under Penal Code § 46.02(c), the offense is a felony of the third degree if committed on premises licensed or issued a permit by the state for the sale of alcoholic beverages. Tex. Penal Code Ann. § 46.02(a), 46.02(c) (Vernon 2003). Thus, the State was required to prove, beyond a reasonable doubt, that appellant (1) knowingly, intentionally, or recklessly (2) carried on or about his person (3) a handgun (4) on a licensed premises.

*Issue One - Requisite Mental State*

Appellant argues there is no evidence he possessed the handgun with any of the required culpable mental states.[3] He contends nothing shows he knew the handgun was present in the console of the truck.

---

[3] The jury was instructed concerning the statutory definitions of the culpable mental states of intentional, knowing and reckless conduct. *See* Tex. Penal Code Ann. § 6.03 (Vernon 2003) (defining each).

4

Viewed in the light most favorable to the verdict, the evidence permits a reasonable inference appellant was the driver and only occupant of the pickup to which he walked as he left the bar. *See Hooper*, 214 S.W.3d at 16 (defining an inference as "a conclusion reached by considering other facts and deducing a logical consequence from them"). The testimony does not associate any other person with the pickup. Officers observed appellant as he walked to the pickup and opened its driver's side door. Chappell testified the engine of the truck was running. Both officers said appellant's actions led them to believe he was about to drive off in the pickup.

If appellant was driving the pickup with the .9 mm pistol in the console next to the driver's seat, he was carrying it on or about his person. The phrase "on or about the person" has been construed to mean "nearby, close at hand" or within such distance of the accused that he can reach it without materially changing his position. *Courtney v. State,* 424 S.W.2d 440 (Tex.Crim.App. 1968); *Wagner v. State,* 188 S.W. 1001, 1002 (1916); *Burks v. State,* 693 S.W.2d 747, 751 (Tex.App.–Houston [14th Dist.] 1985, pet. ref'd). The phrase "on or about his person" has been determined to include the interior of an automobile. *See Christian v. State,* 686 S.W.2d 930, 933 (Tex.Crim.App. 1985) ("we think that the jury could reasonably infer appellant was unlawfully 'carrying' the nun-chucks from the fact that he was found alone behind the wheel of an automobile which, though parked, was running").

The jury's inference that appellant's carrying of the pistol was accompanied by a culpable mental state was aided by the officers' testimony about his actions inside the pickup after he opened the door. Chappell said appellant reached inside the vehicle as the officers approached.[4]  Chappell also said that when he reached appellant, he asked appellant "what he was reaching for in the vehicle, because it appeared as though it was in response to our presence."

Corporal Rolland testified that appellant "looked around and saw [the officers] as he reached his pickup." Appellant appeared surprised to see the officers and "immediately reached in the center area of his pickup, in the front seat area. He was scuffling around. I mean, we couldn't tell what he was doing, because his door was open and he had leaned in his truck." Rolland further testified that as the officers came closer, appellant "finished what he was doing, and then he got out of the truck real quick, as though he was trying to distance himself from the truck." Rolland concluded that, based on his experience, the actions were those of a person who was trying to "conceal something" or "retrieve something." Although the officers could not see what appellant was doing inside the vehicle, from their descriptions of his action and their reactions to it, a rational juror reasonably could have concluded that appellant was giving furtive attention to some item in the front seat area of his pickup as the two officers approached him. We believe the jury rationally could infer that the object of appellant's attention was the loaded .9 mm pistol found in the console next to the driver's seat. *See Hooper*, 214 S.W.3d at 16. It

---

[4] As Chappell phrased it on cross-examination, "the upper half of [appellant's] body was leaning into the vehicle."

6

necessarily follows that appellant would have been aware of the presence of the handgun. Again, viewing the evidence in the light most favorable to the verdict, we find legally sufficient evidence supports a finding, beyond a reasonable doubt, that appellant intentionally, knowingly or recklessly carried the pistol on or about his person. We overrule his first issue.

*Issue Two - Parking Lot as Part of Licensed Premises*

By his second issue, appellant contends that because the State presented legally insufficient evidence the bar's parking lot is "directly or indirectly under the control of the same person," it failed to prove that appellant was unlawfully carrying a handgun on a licensed premises.

The jury was instructed that the term "premises" means "the grounds and all buildings, vehicles, and appurtenances pertaining to the grounds, including an adjacent premises if they are directly or indirectly under the control of the same person."[5]

The officers' testimony indicates the bar's parking area is in front of the building. As Rolland described the scene as the officers first saw appellant, he said, "that front door of the building has a sidewalk that runs along the building, and then there's basically a parking lot. There's single car parking all along, and then some people often double park

---

[5] *See* Tex. Alco. Bev. Code Ann. § 11.49(a) (Vernon 1979) (containing same definition); *Terry v. State,* 877 S.W.2d 68, 69-70 (Tex.App.–Houston [1st Dist.] 1994, no pet.) (approving use of Alcoholic Beverage Code definition in criminal prosecution).

7

behind cars there on the front row. It seemed like the whole front row was full, because the pickup that [appellant] was walking to was parked basically behind another vehicle."

Appellant argues the State was required to produce evidence the parking lot was directly or indirectly under the control of the same person.  That would be true if the State were showing appellant carried the handgun on premises adjacent to the licensed premises.  As we see the evidence, the jury could have concluded the parking lot or area in front of the bar, in which appellant's vehicle was parked, was a part of the bar premises, not adjacent premises.  As defined, "premises" means "the grounds and all buildings, ...." Tex. Alco. Bev. Code Ann. § 11.49(a) (Vernon 1979). Thus, in *Richardson v. State,* 823 S.W.2d 773, 776 (Tex.App.–Fort Worth 2002, no pet.)*,* the court found the parking lot of a convenience store to be part of the "premises" pursuant to Section 11.49(a) of the Texas Alcoholic Beverage Code.   We overrule appellant's second issue.

*Issue Three - Bar as Licensed Premises*

Appellant's third issue challenges the legal sufficiency of the evidence presented at trial to establish that Tres Amigos is a premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages.  At trial, the officers' testimony that the bar is a licensed premises was admitted over appellant's objection that the testimony was hearsay and violated his Sixth Amendment right of confrontation.[6]

---

[6] Appellant argued the officers could have had no independent knowledge of the bar's status as a licensed premises, and of necessity their testimony relied on an oral or written statement of another.  After the prosecutor elicited testimony from the officers of their familiarity with the bar and its operation, based on their prior inspections, the trial court overruled appellant's objection. We need not address appellant's argument on appeal in

8

On appeal, appellant reiterates his argument the testimony was inadmissible hearsay.  Acknowledging that, by rule, inadmissible hearsay admitted without objection is not denied probative value merely because it is hearsay, Tex. R. Evid. 802, he contends inadmissible hearsay admitted over objection should be denied probative value.  Appellant cites us to no instance in which this contention has been accepted in a criminal case, and we find none.  We reject it, because it runs counter to the well-established precept that an appellate court, in a legal sufficiency analysis, considers all the evidence admitted before the jury, both that admitted properly and that admitted improperly.  The Court of Criminal Appeals explained in *Miles v. State*, 918 S.W.2d 511, 513 (Tex.Crim.App. 1996):

> We first note that in reviewing the sufficiency of the evidence, "the appellate court must look at all the evidence, whether properly or improperly admitted*." Alexander v. State,* 866 S.W.2d 1, 3 (Tex.Crim.App. 1993*), cert. denied,* 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).  In the event a portion of the evidence was erroneously admitted, the accused may complain on appeal of such error*. Thomas v. State,* 753 S.W.2d 688, 695 (Tex.Crim.App. 1988).  The admission of inadmissible evidence is considered trial error and thus the proper remedy is to reverse the conviction and remand for a new trial. *See Beltran v. State,* 728 S.W.2d 382, 389 (Tex.Crim.App. 1987).  But jurors do not act irrationally in taking such evidence into account, since they are bound to receive the law from the trial judge*. Thomas,* 753 S.W.2d at 695.  All evidence which the trial judge has ruled admissible may therefore be weighed and considered by the jury, and a reviewing court is obligated to assess the jury's factual findings from this perspective. *Id.*

---

support of his trial objection.

Corporal Rolland responded positively to the State's question asking if the bar is licensed to sell alcoholic beverages in the State of Texas.[7] Aside from his contention that the testimony was improperly admitted hearsay and thus should be denied probative value, appellant does not argue that a rational juror could not accept the officer's testimony as proof beyond a reasonable doubt that the bar is a licensed premises. We find legally sufficient evidence supports that element of the State's case, and overrule appellant's third issue.[8]

Having overruled each of appellant's challenges to the legal sufficiency of the evidence supporting his conviction, we affirm the judgment of the trial court.


James T. Campbell
Justice



Do not publish.

---

[7] Chappell responded positively to the question asking if it was his "understanding" that the bar is licensed to sell alcoholic beverages.

[8] Appellant does not assert that any exception to Texas Penal Code § 46.02 applies.