**Christopher Armaine REDMOND, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14–14–00937–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 23, 2016

Discretionary Review Refused November 2, 2016

Carmen Mae Roe, Houston, TX, for Appellant.

Heather Hudson, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

## SUBSTITUTE OPINION [1]

Kem Thompson Frost, Chief Justice

Appellant Christopher Armaine Redmond challenges his conviction for unlawfully carrying a weapon on premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages. Appellant asserts (1) the record contains insufficient evidence of the premises' license to sell alcohol to support appellant's conviction, and (2) he received ineffective assistance of counsel because trial counsel failed to assert the inapplicability provision of the statute as a defense. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Police arrested appellant outside Boss Nightclub and charged him with unlawfully carrying a weapon on premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages. Witnesses gave conflicting accounts of the events leading to appellant's arrest. Several police officers present at the scene testified that the nightclub is licensed to sell alcohol and that they saw appellant that night at the club wearing a police

---

1. We deny appellant's motion for rehearing, withdraw the court's opinion of March 8, 2016, and issue this opinion in its place.

officer's uniform and carrying a holstered handgun. Deputy Shaun Waters testified that he informally hired appellant as security for the nightclub, and appellant had been working at the club every Friday, beginning in October or November of 2013 and continuing until the time of his arrest in March 2014. Deputy Waters testified that for work attire appellant wore a Precinct Five police officer's bike uniform with appellant's name embroidered on it, but he never checked to see if appellant was employed as a police officer.

Police responded to a disturbance at the club. Deputy Wesley Schreiber and Deputy Gerritt Quellhorst testified that they entered the club at approximately 1:50 a.m. and saw a black male, wearing a Precinct Five bike uniform with "C. Redmond" embroidered on it. The man was carrying a holstered gun. Deputy Quellhorst recognized appellant upon entering the club, and thought appellant had been fired from Precinct Five. Deputy Quellhorst and appellant had worked together at Precinct Five, and during that time appellant filed two complaints against Deputy Quellhorst alleging racially discriminatory conduct and speech. Deputy Quellhorst testified that he was not punished because of the complaints, and he did not hold a grudge against appellant over the complaints.

After recognizing appellant at the club, Deputy Quellhorst approached him and asked if he had been rehired, and appellant told him he had. Deputy Quellhorst then asked Deputy Alex Turman to watch appellant while he called Precinct Five to determine if appellant was employed there. Deputy Quellhorst confirmed with Precinct Five that appellant no longer worked there, but by that time Deputy Turman had lost appellant in the crowd. Deputy Waters testified appellant called him around 2:30 a.m. and told him that he was

on his way to another job, and to pay him the following week. Deputy Waters then asked appellant to return to the club. Appellant was next seen at the club around 2:45 a.m. or 3:00 a.m., dressed in civilian attire and not carrying a gun. Deputy Schreiber then interviewed appellant, and appellant said he had been socializing at the club earlier, had not been wearing a Precinct Five uniform, and had not been working as security. Police had appellant's car towed from the scene. An inventory search of the vehicle yielded neither a police uniform nor a gun.

The sole witness for the defense, appellant's cousin Gregory Archie, testified that he met appellant at the nightclub on the night in question and was socializing with appellant there from 10:00 p.m. or 11:00 p.m. until 1:00 a.m., when a disturbance broke out and they decided to leave the club and go to Taco Cabana. Archie testified that he was with appellant at Taco Cabana until after 2:00 a.m., at which point the two split up. According to Archie, at no time was appellant wearing a police officer's uniform or carrying a gun. Appellant's defensive theory at trial was that the testifying police officers had fabricated the entire incident in retaliation for the complaints appellant had filed while working with Deputy Quellhorst.

The jury found appellant guilty of the charged offense. The trial court assessed punishment at three years' confinement, suspended the sentence, and placed appellant on community supervision for three years.

## II. ISSUES AND ANALYSIS

### A. Sufficiency–of–the–Evidence Analysis

■ In his first issue, appellant challenges the sufficiency of the evidence to support his conviction for unlawfully carry-

ing a weapon on premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages. Tex. Penal Code Ann. § 46.02 (West 2014). Particularly, he challenges the sufficiency of the evidence that Boss Nightclub was licensed or issued a permit by the State of Texas for the sale of alcoholic beverages.

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App.1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986). The jury is permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor. *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim.App.2007). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). Therefore, if any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim.App.1997).

The relevant portion of the governing statute in effect at the time of the charged offense states:

(a) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or person a handgun, illegal knife, or club if the person is not:

(1) on the person's own premises or premises under the person's control; or

(2) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

. . . .

(c) An offense under this section is a felony of the third degree if the offense is committed on any premises licensed or issued a permit by this state for the sale of alcoholic beverages.

Tex. Penal Code Ann. § 46.02[2]. Three witnesses, all police deputies, testified at trial that the club was licensed to sell alcohol, and no evidence was presented to contradict this fact. Although the deputies used "license" and "permit" interchangeably in their testimony, and there was some contradictory testimony about where the license or permit and other Texas Alcoholic Beverage Commission signs were posted in the club, no witness testified nor was any other evidence produced that the club was not licensed or issued a permit by this State for the sale of alcoholic beverages. Without a requirement in the substantive law that licensure be proven in a particular

---

**2.** Texas Penal Code section 46.15(b)(6), effective January 1, 2016, provides that section 46.02 does not apply to a person who is carrying: "(A) a license issued under Subchapter H, Chapter 411, Government Code, to carry a handgun; and (B) a handgun: (i) in a concealed manner; or (ii) in a shoulder or belt holster." *See* Tex. Penal Code Ann. § 46.15 (West 2016).

manner, any type of evidence, including testimonial evidence, is sufficient to prove this element of the offense. *See Flowers v. State*, 220 S.W.3d 919, 922 (Tex.Crim. App.2007).

Appellant also points out that the Texas Alcoholic Beverage Commission issues different kinds of permits and licenses for the sale of alcoholic beverages and that the jury charge did not define "license" or "permit." To this point, sufficiency of the evidence is not measured by the actual jury charge, but by the elements of the offense as defined in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Additionally, the statute does not require specification as to the type of license or permit, but encompasses any license or permit issued by the State for the sale of alcoholic beverages. *See* Tex. Penal Code Ann. § 46.02. Therefore, a definition of "license" or "permit" was not required in the charge. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007) (requiring the charge to distinctly set forth the law applicable to the case).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found beyond a reasonable doubt that the club premises was licensed to sell alcohol. *See McDuff*, 939 S.W.2d at 614. The record also contains testimony upon which a rational trier of fact could have found that appellant intentionally, knowingly, or recklessly carried on or about his or person a handgun while on the club's premises. Under the applicable standard of review, we conclude that the evidence is sufficient to support appellant's conviction. *See Terry v. State*, 877 S.W.2d 68, 70 (Tex.App.–Houston [1st Dist.] 1994, no pet.) (concluding that evidence was sufficient to support conviction for unlawfully carrying a weapon on premises licensed or issued a permit by the

State of Texas for the sale of alcoholic beverages). Accordingly, we overrule appellant's first issue.

## B. Ineffective–Assistance–of–Counsel Analysis

■ In his second issue, appellant claims trial counsel was ineffective during the guilt-innocence phase of the trial. Specifically, appellant argues that counsel was ineffective in failing to research the law on available defenses and request an instruction under the non-applicability provision in Texas Penal Code section 46.15(b)(7). *See* Tex. Penal Code Ann. § 46.15(b) (West 2014).

Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* Tex. Code Crim. Proc. Ann. art. 1.051 (West 2007). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim.App.1997). To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. 2052; *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State*,

9 S.W.3d 808, 813 (Tex.Crim.App.1999); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994).

■■■ In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003); *Thompson,* 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex.Crim.App.2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State,* 343 S.W.3d 137, 143 (Tex. Crim.App.2011). Counsel's conscious decision not to pursue a defense or to call a witness is not insulated from review, but, unless a defendant overcomes the presumption that counsel's actions were based in sound trial strategy, counsel generally will not be found ineffective. *Ex parte Flores,* 387 S.W.3d 626, 633 (Tex.Crim. App.2012).

Appellant claims that trial counsel's representation was insufficient because counsel did not raise Penal Code section 46.15(b)(7) as a defense. The relevant portion of the statute states, "(b) Section 46.02 does not apply to a person who ... (7) holds an alcoholic beverage permit or license or is an employee of a holder of an alcoholic beverage permit or license if the person is supervising the operation of the permitted or licensed premises...." Tex. Penal Code Ann. § 46.15(b).

The record does not reflect that appellant filed a motion for new trial, and therefore the record is silent as to trial counsel's reasoning or trial strategy in not raising section 46.15(b)(7) as a defense. Presuming, without deciding, that this section applies to this case, there is a logical reason trial counsel might not have raised this statute. Counsel's position at trial was that appellant was not working as security at the club that night, and that the police fabricated this story in retaliation for complaints appellant made against one of the testifying deputies when they worked together in the past. Raising section 46.15(b)(7) as a defense would be inconsistent with this defensive theory. Based on the record, we cannot say that trial counsel's failure to raise section 46.15(b)(7) as a defense or to request an instruction based on this statute was so outrageous that no competent attorney would have engaged in it. *See Goodspeed,* 187 S.W.3d at 392. Accordingly, we conclude that appellant failed to satisfy the first prong of the test for ineffective assistance of counsel, and we overrule appellant's second issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.