**Willie Lee DOUGLAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–91–00057–CR.**

Court of Appeals of Texas,
Tyler.

Oct. 30, 1992.

Joseph Bailey, Center, for appellant.

Karren Price, Dist. Atty., Center, for appellee.

Before RAMEY, C.J., and COLLEY and BILL BASS, JJ.

COLLEY, Justice.

Appellant, Willie Lee Douglas, was convicted by a jury of aggravated possession of cocaine with intent to deliver[1] that substance. The court assessed his punishment at confinement for forty years.

Appellant presents two points of error. First, he claims the search of a vehicle he was driving was unreasonable under the Fourth Amendment. Second, he argues that the evidence is insufficient to support his conviction. We will first address and sustain his second point of error, reverse the conviction and order an acquittal.

In summary, the underlying facts and circumstances show that near midnight on the evening of February 5, 1990, a blue Ford van driven by Appellant and occupied by three other passengers was stopped on Highway 7 in Center, Texas, by City Police Officer Allen L. Martin. Martin testified that he had received a radio message from fellow officer John Sanders, who told him that the blue van had earlier weaved out of its travel lane and crossed the yellow center stripe of a downtown street. After receiving that message, Martin said he drove his patrol car to a position behind Sanders' vehicle, and then at Sanders' request passed Sanders' patrol car and followed directly behind the van for a short distance. Martin testified that he then observed the van "weaving" across the white lines of parking spaces along the city street so he activated his "overhead" lights and stopped the van. After the van was stopped, Martin said he walked up on the

---

1. Pursuant to TEX.HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 1992) (hereinafter "Section 481.112(a)").

left side of the van and Sanders walked up on the right side.

The undisputed evidence reveals that, at that point, Appellant got out of the van from the driver's side door carrying his Louisiana drivers license and a "pink" paper that proved to be a rental agreement on the van from Wray Ford, Shreveport, Louisiana, lessor, to Lucille Whitley, lessee. Martin later testified that Appellant told him Whitley was his girlfriend who had rented the van for him on February 1, 1990. Martin said he asked Appellant at the time of the stop if any other persons were in the van, and that Appellant told him three friends were riding with him. Martin sent Appellant to the rear of the van where Sanders was standing and then Martin approached the van and asked the persons in the van if they had any identification papers. Each person replied no, and Martin testified that one of the three was "fumbling around between the [front and middle] seats." And Martin concluded that this person was trying to hide "something." Martin said he then entered the van, searched the "map pocket" behind the driver's seat and found a loaded .32 caliber, six-shot revolver. Martin then said he placed Appellant and the other three persons under arrest and read them their "rights." Martin also testified that he personally searched Appellant's person and found a "large amount[2] of cash ... in [Appellant's] right sock." The undisputed evidence also shows an additional $2,800 was found upon the search of the three passengers, and that Appellant was not intoxicated nor under the influence of cocaine, nor did he have any cocaine or other contraband on his person at the time of his arrest.

Following their arrest, Appellant, his friends and the van were taken by the Officers to the City Jail in Center. The Assistant Police Chief ordered a search of the van, using a drug dog. The animal sniffed about the van, "alerted" at the passenger side sliding door, and at the rear seat of the van. The dog was then taken to the back of the van, placed in the vehicle through the rear doors, where the animal again "alerted" on the rear seat. Police Officer Tommy Alvis then entered the van, pulled up the rear seat and found a large bag of cocaine in a "hollow" in the seat cushioning of the rear seat. The bag contained 2.2 pounds[3] of cocaine.

Department of Public Safety Chemist Randall Lee Markle, identified the substance at trial as cocaine, and the contraband was admitted into evidence before the jury.

We now address Appellant's second point of error. In response to Appellant's argument that the evidence does not supply sufficient affirmative links between the cocaine and the Appellant, the State contends that the evidence is sufficient to link the Appellant with the cocaine because: (1) Appellant admitted (according to Officer Martin's testimony) that his girlfriend "leased the van for him"; (2) Appellant was the only occupant of the van who had a driver's license; (3) Appellant was in possession of the lease agreement; (4) Appellant had been in possession of the van for "at least 5 days"; (5) Appellant quickly exited the van when it was stopped, a circumstance testified to by Officer Martin to be "unusual behavior ... that ... occurs only if the driver ... has something to hide"; (6) 2 loaded handguns and "a glass crack pipe" were recovered from the van; (7) Appellant was the driver of the van; (8) Appellant possessed "a large sum of money concealed in his sock"; and (9) the cocaine had a large value ($70,000) on the street, therefore no one would "inadvertently" leave it in the van, so Appellant had to be aware of its presence.

Recently, in a cocaine possession case, the Court of Criminal Appeals upheld the judgment of acquittal by the Houston First Court of Appeals in circumstances where the defendant was the driver and sole occupant of a motor vehicle and "an unzipped cloth gym bag [was found] on the seat next to him where the [defendant] had been

---

**2.** The evidence shows that $1,200 was found by Martin on Appellant's person.

**3.** 1001 grams.

driving." *Humason v. State,* 728 S.W.2d 363, 364 (Tex.Cr.App.1987). The *Humason* court reasoned that defendant's mere presence "in the vicinity" of a controlled substance does not support the inference that he knowingly possessed a controlled substance "beyond a reasonable doubt." *Humason,* 728 S.W.2d at 367. That court ultimately held that the "affirmative links between [its] appellant and the cocaine whether considered individually or in combination, failed to eliminate the reasonable hypothesis [4] that appellant was entirely unaware of the presence of cocaine." *Id.* The court went on to observe that a person's mere presence "in the vicinity of a controlled substance has never been sufficient to establish joint possession." *Waldon v. State,* 579 S.W.2d 499, 501 (Tex.Cr.App.1979).

The Court of Criminal Appeals in *Humason* concluded that the State failed to satisfy its burden of proof to establish that the Appellant "intentionally or knowingly exercised actual care, custody, control or management over [the cocaine]." *Humason,* 728 S.W.2d at 365; *see also,* Section 481.-112(a) and *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Cr.App.1985).

Moreover, in this case, while the court abstractly charged the jury on the law of parties (see transcript page 69), the paragraph of the charge applying the law to the facts in this case, reads:

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt, that the defendant Willie Lee Douglas, on or about the 6th day of February, 1990, in Shelby County, Texas, did unlawfully, knowingly or intentionally possess with intent to deliver a controlled substance, namely, cocaine, in an amount by aggregate weight including any adulterates or dilutants of four hundred grams or more, then you will find the defendant guilty of unlawful aggravated possession with intent to deliver a con-

trolled substance as charged in the indictment.

Because of the peculiar facts and circumstances of this case and the charge of the court we may not measure the sufficiency of the evidence here under the law of parties,[5] but must determine whether, viewing the evidence in the light most favorable to the verdict, any rational juror could have found each element of the offense beyond a reasonable doubt under the application paragraph of the charge. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also, Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Cr.App. 1984).

Since the so called "reasonable-hypothesis-of-innocence analytical construct," *see Geesa,* 820 S.W.2d at 165, is to be employed in this circumstantial evidence case, we must determine whether the evidence excludes every reasonable hypothesis other than Appellant's guilt. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983).

Based on the particular facts of this case we are persuaded that, although the evidence raises a strong suspicion of Appellant's guilt, the same evidence supports as well, the reasonable hypotheses that the cocaine was possessed by one or more of the three other occupants of the van. Therefore, the finding of Appellant's guilt beyond a reasonable doubt is not a rational finding. *Carlsen,* 654 S.W.2d at 449; *see also, Guiton v. State,* 742 S.W.2d 5, 9–10 (Tex.Cr.App.1987).

We sustain Appellant's second point of error, reverse the judgment and order an acquittal.

RAMEY, Chief Justice, concurring.

I concur in the results in this case. The majority was obligated under eminent precedents to so rule.

Perhaps the time is appropriate for the Legislature to consider an amendment to TEXAS HEALTH AND SAFETY CODE ANN. § 481.-

---

4. Since the instant case was tried before the decision in *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991), the reasonable hypothesis analysis is applicable.

5. *See, Jones v. State,* 815 S.W.2d 667, 668–669 (Tex.Cr.App.1991); *Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Cr.App.1990).

112(a), either to redefine possession of controlled substances or to alter the *mens rea* required to impose criminal responsibility without jeopardizing protection for the innocent. Certainly such an amendment could serve to eliminate the daunting task of gleaning circumstances and facts which are affirmative links between the accused and the contraband in cases involving significant quantities of drugs.