**Kenneth LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00007–CR.**

Court of Appeals of Texas,
Texarkana.

June 22, 1993.

---

Harry R. Heard, Longview, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Kenneth Lewis appeals his conviction for possessing a controlled substance with intent to deliver. His punishment was assessed at ninety-nine years' imprisonment and a fine of $250,000.00. We find no error and affirm.

■ In his first point of error, Lewis argues that the trial court erred by failing to grant his motion for instructed verdict. Lewis contended in his motion that the evidence was insufficient to show that he exercised care, custody, or control over the contraband. In reviewing the sufficiency of the evidence to support a conviction, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[1] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

The State relied on the testimony of Officer O.J. Butler, who worked undercover in the operation that led to Lewis's arrest. Butler testified that he traveled to Mount Pleasant with Venice Williams, an informant, and Charla Sargent. Once in Mount Pleasant, Sargent called Lewis to set up a meeting between Butler and Lewis. After Lewis arrived at Butler's hotel room, Sargent introduced Butler to Lewis. Lewis asked Butler if he had 2.5 kilograms of cocaine for sale. When Butler responded affirmatively, Lewis asked to see the cocaine. Butler showed Lewis the cocaine, which was in a gym bag. Butler told Lewis the cocaine would cost $40,000.00, and Lewis said he would have to return home

to make some phone calls to others who wanted to get involved with the transaction.

Butler said that he, his informant, and Sargent followed Lewis to Lewis's residence. After more negotiations, Lewis agreed to buy the cocaine for $40,000.00. Lewis then called others who shortly arrived at his residence. Butler said he met David Sterling Ross, who showed him the money contained in a paper sack. Lewis and the others agreed to return to Butler's hotel room to complete the deal.

Butler, Lewis, and Ross returned to the hotel in Lewis's Jaguar automobile. Lewis told Butler that he paid $25,000.00 for the Jaguar and that he bought his house and truck with money he had made selling cocaine. When back in the hotel room, Butler learned that Ross had only $21,500.00, so Butler agreed to sell only $21,000.00 worth of cocaine. Butler handed a package of cocaine to Ross, who handed the package to Monti Bell. Butler then signalled other officers working as a surveillance team to come and make the arrest. At the time of the arrest, Lewis was holding the cocaine that was not bought, but that package of cocaine was not introduced at trial.

Butler identified the cocaine introduced as State's Exhibits Nos. 1 and 1A as the cocaine that he handed to Ross. He testified that he did not know Ross before the sale of the cocaine, and that he could not have made the sale without Lewis's assistance.

■ To show unlawful possession of a controlled substance, the State must prove that the accused exercised care, control, and management over the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim. App.1986). The control need not be exclusive, but can be jointly exercised with one or more persons. *Id.* The court in this case also instructed the jury on the law of parties. Under the law of parties, Lewis could be criminally responsible for the con-

1. Since we believe that our exclusive fact jurisdiction under the constitution both permits and requires us to review the factual sufficiency when sufficiency of the evidence is challenged on appeal, we have done so in this appeal. *See*

*Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed); Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 St. Mary's L.J. 423 (1991).

duct of another if, acting with intent to promote or assist the commission of the offense, he solicited or encouraged, aided, or attempted to aid the other person to commit the offense. TEX.PENAL CODE ANN. §§ 7.01, 7.02(a)(2) (Vernon 1974).

Lewis contends the State failed to prove that he exercised care, control, and management over the cocaine introduced at trial. He cites cases holding that mere presence in the vicinity of a controlled substance is not sufficient to establish joint possession. *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987); *Waldon v. State*, 579 S.W.2d 499 (Tex.Crim.App. [Panel Op.] 1979); *Douglas v. State*, 842 S.W.2d 347 (Tex.App.—Tyler 1992, no pet.).[2]

■ Lewis was not only present in the vicinity of the cocaine; he negotiated to buy the cocaine. This is sufficient to establish the affirmative links between Lewis and the cocaine that Texas law requires to support a conviction for possession of a controlled substance. *Humason v. State*, 728 S.W.2d at 365–66; *Cude v. State*, 716 S.W.2d at 47. Evidence is sufficient under the law of parties where the actor is physically present at the commission of the offense and encourages the commission of the offense by either word or by agreement. *Rodriguez v. State*, 819 S.W.2d 920, 925 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Whitaker v. State*, 660 S.W.2d 615 (Tex.App.—Corpus Christi 1983, pet. ref'd).

The evidence showed that Lewis assisted Ross in exercising care, control, and management over the cocaine sold to him and Lewis. Ross handled the cocaine after the sale was completed. Lewis aided the sale through his participation and his negotia-

tions with Butler. The evidence is sufficient for a reasonable trier of fact to find Lewis guilty beyond a reasonable doubt.

■ In his second point of error, Lewis argues that the trial court erred in allowing hearsay evidence. Butler testified that while he was at Lewis's residence he met Lewis's wife, Johnnie Frazier Lewis, and that she "made the comment that she was glad to see us and that Mt. Pleasant was dry and *they* was (sic) needing to purchase this cocaine so *they* can put it out on the street to make money" (emphasis added). Butler also testified, "She made the comment that people had been coming by to pick up some—to buy some cocaine from her." Lewis argues that these statements constituted inadmissible hearsay and were harmful because they indicated that drug dealing was a Lewis family business.

The State argues that the evidence was not hearsay because the statements were not offered for the truth of the matter asserted. TEX.R.CRIM.EVID. 801(d). It argues that the statements were offered only to show that Lewis had notice of the purpose behind the negotiations held at his household. *See Kuykendall v. State*, 609 S.W.2d 791 (Tex.Crim.App. [Panel Op.] 1980); *Schneider v. State*, 594 S.W.2d 415 (Tex.Crim.App. [Panel Op.] 1980). We disagree. That Lewis had notice of the negotiations was an affirmative link between him and the cocaine; thus, the statements were offered for the truth of the matter asserted.

■ Although admitted to prove the truth of the matter asserted, Johnnie Lewis's statements were properly admitted under the hearsay exception for statements against interest. TEX.R.CRIM.EVID. 803(24).[3]

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(24) Statement Against Interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have

---

**2.** We note that all cases cited by Lewis were issued prior to the decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Indeed, the court in *Douglas* relied heavily on the alternative reasonable hypothesis analysis that *Geesa* overruled. *Douglas v. State*, 842 S.W.2d 347, 349 (Tex.App.—Tyler 1992, no pet.). As this case was tried subsequent to the 1991 decision in *Geesa*, we do not apply the alternative reasonable hypothesis analysis.

**3.** The Rules of Criminal Evidence provide:

She was present while the negotiations for this drug transaction took place in her residence, and her husband stated that he purchased their home and a truck with the proceeds of drug sales. These and other circumstances clearly corroborated the trustworthiness of her statements, as required by Rule 803(24).

■ We note that one court has required the State to show that the declarant of a statement against interest is unavailable or that the State made a good-faith effort to produce the declarant before a statement against interest may be introduced. *See Davis v. State*, 772 S.W.2d 563, 568–69 (Tex.App.—Waco 1989, no pet.); *see also Williams v. State*, 815 S.W.2d 743 (Tex. App.—Waco 1991), *rev'd*, 829 S.W.2d 216 (Tex.Crim.App.1992). We disagree, as a requirement of unavailability goes against the express provisions of Rule 803 and leading authorities.[4] As Johnnie Lewis's statements fell within the hearsay exception for statements against interest, the trial court did not err in admitting evidence of them.

■ In his third point of error, Lewis argues that the trial court erred by allowing into evidence photocopies of the money paid to Butler during this drug transaction. Lewis contends the photocopies were not relevant. TEX.R.CRIM.EVID. 402. If relevant, Lewis argues that their prejudicial effect substantially outweighed their probative value. TEX.R.CRIM.EVID. 403.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. The money used in the drug transaction was relevant to show Lewis and the other buyers intended to take possession of the controlled substance by purchasing it. The money also tended to show absence of mistake.

■ Lewis argues that the money had no probative value as to himself because it was never shown that he had any control over or nexus to the money. To the contrary, Butler testified that Lewis told him that he would have to call some other people who wanted to get involved in the drug transaction. Lewis also told Butler it would not be a problem to get $40,000.00. This and other evidence showed that Lewis organized and obtained the money paid for the cocaine.

■ Butler also testified that he could not have sold the cocaine without Lewis's assistance. Evidence setting the background for a drug transaction is relevant in a prosecution arising from that transaction. *Cf. Hall v. State*, 829 S.W.2d 407, 411 (Tex.App.—Waco 1992, no pet.).

■ Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. TEX.R.CRIM.EVID. 403; *McDonald v. State*, 829 S.W.2d 378, 380 (Tex.App.—Texarkana 1992, no pet.). Lewis argues that introducing the photocopies of the money served only to inflame the jurors by indicating Lewis had some connection with the money and that the money was drug money.

■ Virtually all evidence proffered by a party to a lawsuit will be prejudicial to the opposing party. It is "unfair prejudice" against which Rule 403 guards. Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly an emotional one. *McDonald v. State*, 829 S.W.2d at 380, *citing Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim.App.1990). The trial court has wide discretion in determining the admissibility of evidence under Rule 403, and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Id.*

---

made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

TEX.R.CRIM.EVID. 803(24).

4. In the Federal Rules of Evidence, the exception is covered under Rule 804(b)(3), which does require that the witness be unavailable.

Lewis does not show how the admission of photocopies showing the money paid in this transaction caused unfair prejudice. Butler's testimony and other evidence showed that Lewis was connected with the money and that it was exchanged for cocaine. Officer Ron Mayberry authenticated the photocopies as those he made from the money seized at the time of Lewis's arrest. A duplicate is generally admissible to the same extent as the original. TEX. R.CRIM.EVID. 1003. We find no error in admitting the photocopies.

The judgment of the trial court is affirmed.