COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-259-CR


MARGARITO ORTIZ                                                               APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        Appellant was indicted for possession with intent to deliver a controlled
substance, methamphetamine, of four grams or more, but less than two
hundred grams. Appellant pleaded not guilty. Following a trial on the merits,
a jury found Appellant guilty and assessed punishment at five years’
confinement and a $10,000 fine. In six points, Appellant argues that the trial
court erred in (1) denying his motion to suppress, (2) denying his motion in
limine regarding the introduction of money found in his home because its
probative value was outweighed by its prejudice, (3) failing to grant a mistrial
regarding the allegations of an anonymous tip, (4) allowing a police officer to
testify as an expert, (5) failing to redact extraneous offense evidence from a
State’s exhibit, and (6) failing to include his requested jury instruction regarding
the failure of the search warrant affidavit to contain probable cause. We affirm.
Factual and Procedural Background
        Because the sufficiency of the evidence is not challenged, we need only
briefly discuss the facts of this case. The record shows that during November
2002, Narcotics Detective William Hays received information from a drug tip
line in reference to possible narcotic activity occurring at 1618 San Francisco
Street in Carrollton. Based on this tip, Detective Hays began an investigation
of the residence, initially conducted surveillance, and observed “quite a bit of
foot traffic” to and from the residence. Detective Hays described the traffic as
“abnormal” because the people going to the residence would go through the
fence into the backyard and would come right back out. Following this
surveillance, Detective Hays conducted two “trash runs” on November 11 and
18, 2002. These “trash runs” consisted of Detective Hays collecting the trash
from the residence left in the alley for collection and taking it to the police
department to look for any evidence of drug activity. During both “trash runs,”
Detective Hays discovered mail linking Appellant to this particular residence,
pieces of tin foil that were burned on one side, which Detective Hays stated
was consistent with tin foil being used to smoke methamphetamine, and
numerous plastic baggies containing residue that tested positive for
methamphetamine. 
        Based on his investigation, Detective Hays obtained a search warrant for
the residence and executed it on November 21, 2002. Inside the residence,
officers located 2.2 grams of methamphetamine in the bathroom of a bedroom
upstairs, 10 grams of methamphetamine and mail addressed to Appellant in a
downstairs office, and a little over 8 grams of methamphetamine inside
Appellant’s front jacket pocket. Additionally, officers found $19,703 in cash
and a small packet of methamphetamine inside a safe located in the downstairs
office. 
Motion to Suppress
        In his first point, Appellant argues that the trial court erred in denying his
motion to suppress the evidence obtained pursuant to the search warrant
because the affidavit supporting the warrant failed to establish probable cause. 
        A magistrate's determination to issue a warrant is subject to a deferential
standard of review. Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim.
App. 2004). The task of the issuing magistrate is to make a practical common
sense decision whether, given all the circumstances set forth in the affidavit
before him, there is a fair probability that contraband or evidence of a crime will
be found in a particular place. Johnson v. State, 803 S.W.2d 272, 288 (Tex.
Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled on other
grounds, Heitman v. State, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991). 
The magistrate’s determination of probable cause will be sustained if the
magistrate had a substantial basis for concluding that a search would uncover
evidence of wrongdoing. Swearingen, 143 S.W.3d at 811; State v. Delagarza,
158 S.W.3d 25, 26 (Tex. App.—Austin 2005, no pet.).
        The affidavit in the present case showed that Detective Hays received
anonymous information from the drug tip line that the residents at 1618 San
Francisco Street in Carrollton were selling methamphetamine. Detective Hays
also learned that there had been two other calls to the Carrollton Police
Department regarding “Crank” methamphetamine being sold at this residence. 
Based on this information, Detective Hays collected trash from the alley behind
this residence on November 11 and 18, 2002. The affidavit shows that the
trash collected on November 11 contained mail addressed to Appellant at 1618
San Francisco Street, along with three baggies with white powder residue that
“field tested positive for Methamphetamine,” pieces of tin foil, and a “large
ziploc baggie containing white powder residue which field tested positive of
Methamphetamine.” The trash collected on November 18 also bore mail
addressed to Appellant at 1618 San Francisco Street, along with a “[c]lear
plastic ziploc with apple symbol on the outside which typically contain smaller
ziplocs used for packaging narcotics” and “[e]ight clear plastic ziplocs
containing residue which field tested positive for Methamphetamine.” 
Additionally, the affidavit states that Appellant has a criminal history for
possession of marijuana under two ounces. 
        Appellant first argues that “the tip provided from the anonymous tip line
failed to provide probable cause.” While this is correct, the search warrant was
not issued solely on the basis of this anonymous tip. See State v. Steelman,
93 S.W.3d 102, 108 (Tex. Crim. App. 2002) (holding that a mere anonymous
tip, standing alone, does not constitute probable cause). The tip was used as
a starting point for Detective Hays’s investigation, which led to the evidence
recovered from the trash connected to the residence and Appellant.
        Appellant also contends that the trash runs were insufficient because they
were conducted on November 11 and 18, while the warrant was issued on
November 19 and executed on November 21. Acts attested to in an affidavit
must be closely related to the time of the issuance of the search warrant so as
to justify the finding of probable cause by the magistrate at the time. Serrano
v. State, 123 S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref’d). Detective
Hays testified that the trash in Carrollton is collected once a week and this was
not challenged. Therefore, he had to wait a week before making another trash
run. Thus, the acts attested to were as closely related to the time of the
issuance of the warrant as was possible, given the fact that the span of a week
was necessary in order to allow the collection of evidence from the trash. 
Further, the warrant was issued the day after the second trash run, and
therefore, it was reasonable for the magistrate to presume that narcotics would
be found inside the residence when he issued the warrant. 
        Additionally, the record tends to demonstrate that the activity at the
residence was of an ongoing nature, making the one week span of less
significance. See State v. Stone, 137 S.W.3d 167, 178 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d) (“When the affidavit recites facts indicating activity
of a protracted and continuous nature, the passage of time becomes less
significant.”). Furthermore, the resolution of doubtful or marginal cases should
largely be determined by the preference to be accorded to warrants. Delagarza,
158 S.W.3d at 29. Therefore, in light of this preference of the use of warrants
and giving deference to the magistrate’s determination of probable cause, we
hold that the magistrate had a substantial basis for concluding that probable
cause existed to issue the search warrant. We overrule Appellant’s first point.
Evidence of Money
        In his second point, Appellant argues that the trial court erred in allowing
the admission of evidence regarding money found in his residence during the
search. The record shows that $19,703 in cash was recovered from a safe
inside Appellant’s residence. The record also shows that “one packet of
methamphetamine” was recovered from this safe. Appellant filed a motion in
limine regarding the cash that was recovered from the safe and this motion was
denied. 
        During the trial, Appellant objected to the State’s reference during
opening arguments and to Detective Hays’s testimony regarding the cash that
was recovered and also objected to photographs of the cash that were entered
into evidence during the State’s case in chief. All of these objections were
overruled. Appellant complains that the evidence regarding the money was not
relevant and also that photographs of “monetary gain as a result of drug dealing
is highly prejudicial.” 
        We review the trial court's admission of evidence by the abuse of
discretion standard. Hargrove v. State, No. 2-03-00249-CR, 2005 WL
375305, at *2 (Tex. App.—Fort Worth Feb. 17, 2005, no pet.). The trial
court's ruling will be upheld if it was within the zone of reasonable
disagreement. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).
        Evidence is relevant if it has any tendency to make the existence of any
consequential fact more or less probable than it would be without the evidence. 
Tex. R. Evid. 401. Intent to deliver may be proved by circumstantial evidence. 
Guy v. State, No. 2-03-00411-CR, 2005 WL 375296, at *5 (Tex. App.—Fort
Worth Feb. 17, 2005, no pet. h.). Among the factors that have been used to
establish intent is the presence of a large amount of cash. Guy, 2005 WL
375296, at *5; Williams v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston
1st Dist.] 1994, pet. ref’d). Because narcotics and a large sum of cash
recovered from Appellant’s safe go to establish Appellant’s intent to deliver
methamphetamine, we hold that the evidence of the money was relevant to
whether Appellant committed the charged offense. 
        Even if relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. 
However, virtually all evidence proferred by a party to a lawsuit will be
prejudicial to the opposing party. Montgomery v. State, 810 S.W.2d 372, 377
(Tex. Crim. App. 1990); Lewis v. State, 856 S.W.2d 271, 275 (Tex.
App.—Texarkana 1993, no pet.). It is “unfair” prejudice against which Rule
403 guards. Montgomery, 810 S.W.2d at 378; Lewis, 856 S.W.2d at 275. 
“Unfair” prejudice means an undue tendency to suggest making a decision on
an improper basis, commonly an emotional one. Lewis, 856 S.W.2d at 275. 
The trial court has wide discretion in determining the admissibility of evidence
under Rule 403, and its ruling will not be disturbed on appeal absent a showing
of an abuse of discretion. Id.
        Given that the evidence of the money tended to provide a link in showing
Appellant’s intent, the probative value of this evidence was high. Further,
methamphetamine was found with the money in Appellant’s safe. Therefore,
it is highly unlikely that the trial court’s admission of the money improperly
suggested to the jury that they should make a decision based on emotion. 
Additionally, Appellant offered testimony that he always kept large amounts of
money in his safe because his father taught him to distrust banks. Thus,
evidence was produced to refute the claim by the State that the money was
gained through selling methamphetamine, thereby reducing any potential unfair
prejudice. Therefore, we hold that the probative value of this evidence was not
substantially outweighed by the danger of unfair prejudice. See Gonzales v.
State, 761 S.W.2d 809, 815 (Tex. App.—Austin 1988, pet. ref’d) (holding that
because appellant’s intent to deliver could only be proved by circumstantial
evidence, the probative value of a large sum of cash recovered from a safe
deposit box was not substantially outweighed by danger of unfair prejudice). 
Accordingly, we hold that the trial court did not abuse its discretion in admitting
into evidence testimony and photographs of cash recovered from Appellant’s
residence. We overrule Appellant’s second point.
Anonymous Tip
        In his third point, Appellant complains that the trial court erred in denying
his motions for mistrial requested after references were made to the anonymous
tip by the State and Detective Hays. During its opening statement, the State
made reference to the anonymous tip made to the Carrollton Police Department
regarding the residence at 1618 San Francisco Street. Defense counsel’s
hearsay objection was sustained and the trial court gave the jury an instruction
to “disregard the statement of the prosecutor.” Defense counsel’s request for
a mistrial was denied. During the testimony of Detective Hays, in response to
the State’s question of what led him to write a warrant, Detective Hays stated
that he had initially checked the drug tip line. Defense counsel’s hearsay
objection was sustained and the trial court instructed the jury to “disregard the
last response by the officer.” Defense counsel’s request for a mistrial was
denied. 
        We review a trial court's denial of a motion for mistrial under an abuse of
discretion standard. Glassey v. State, 117 S.W.3d 424, 431 (Tex. App.—Fort
Worth 2003, no.pet.); see Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1070 (2000). Mistrials are an extreme remedy
for curing prejudice occurring during trial. Bauder v. State, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996); Glassey, 117 S.W.3d at 431. Because tactical
decisions to offer prejudicial evidence are a normal and, in most respects,
acceptable part of the adversary process, it would be counterproductive to
terminate the trial every time an objection is sustained. Bauder, 921 S.W.2d
at 698. Consequently, it is considered a sufficient response to most
well-founded objections that the material be withdrawn from jury consideration,
if necessary, and that jurors be admonished not to consider it during their
deliberations. Id. A mistrial is only required when the impropriety is clearly
calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on the minds
of the jury. Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).
        In the present case, both references to the tip line occurred very early in
the trial and the trial court immediately instructed the jury to disregard in both
instances. The State did not comment again on the tip line after the its opening
statement. Additionally, Detective Hays’s reference to the tip line was in
response to a general question from the State about how the investigation
began. There is nothing in the record to indicate that Detective Hays knew that
he could not refer to the tip line, nor is there any evidence that the State was
attempting to elicit a reference to the tip line through Detective Hays. 
Appellant does not indicate how these two isolated references were “clearly
calculated to inflame the minds of the jury” as he asserts. Therefore, we
conclude that the instruction to disregard effectively cured any prejudicial effect
these references may have had. See Richardson v. State, 823 S.W.2d 773,
777 (Tex. App.—Fort Worth 1992, no pet.) (holding that trial court's direct and
explicit instruction to the jury to disregard the hearsay statement of police
officer was adequate to cure any error). We overrule Appellant’s third point.
Opinion Testimony
        In his fourth point, Appellant argues that the trial court erred in allowing
Detective Hays to testify as an expert without first being qualified as an expert. 
During his testimony, Detective Hays was asked “do you believe that he also
possessed it with intent to deliver the methamphetamine?” Defense counsel
objected on the basis that Detective Hays had not been qualified as an expert,
but the objection was overruled. Detective Hays answered, “Yes, sir. Due to
the — the amount of narcotic found at the location along with the scales and
the numerous packaging material that was unused, I believe that — that that
was for intent for delivery.” 
        When a witness who is capable of being qualified as an expert testifies
regarding events which he or she personally perceived, the evidence may be
admissible as both Rule 701 opinion testimony and Rule 702 expert testimony. 
Osbourn v. State, 92 S.W.3d 531, 536 (Tex. Crim. App. 2002). Rule 701
permits a lay witness to offer opinion testimony if that opinion is “(a) rationally
based on the perception of the witness and (b) helpful to a clear understanding
of the witness’ testimony or the determination of a fact in issue.” Tex. R. Evid.
701; see Ex parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004). A lay
witness may offer an opinion on an ultimate issue. Tex. R. Evid. 704; Nailor,
149 S.W.3d at 135. Thus, although police officers have training and
experience, they are not precluded from offering lay testimony regarding events
which they have personally observed. Osbourn, 92 S.W.3d at 536.
        Accordingly, if Detective Hays’s testimony meets the requirements of
Rule 701, it is admissible as a lay opinion. Id. at 538. Detective Hays based
his opinion testimony on personal observations he made while investigating this
offense. Furthermore, Detective Hays’s testimony was helpful to a
determination of a fact in question, i.e., Appellant’s intent. Therefore,
Detective Hays’s testimony was admissible as a lay opinion under Rule 701. 
See id. (holding officer’s testimony regarding identification of marijuana was
admissible as a lay opinion); Thomas v. State, 916 S.W.2d 578, 580-81 (Tex.
App.—San Antonio 1996, no pet.) (holding that police officer could give opinion
as both lay witness and expert witness regarding the operation of a “crack”
house); Reece v. State, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.]
1994, no pet.) (holding that officer could testify based upon his training and
experience that appellant’s actions were consistent with someone selling
drugs); Williams v. State, 826 S.W.2d 783, 785 (Tex. App.—Houston [14th
Dist.] 1992, pet. ref’d) (holding that officer could give opinion as both lay
witness and expert witness that he interpreted appellant’s actions to be a drug
transaction). Because Detective Hays’s testimony could be properly admitted
as a lay opinion, the trial court did not abuse its discretion by admitting it. We
overrule Appellant’s fourth point.
Extraneous Offense Evidence
        In his fifth point, Appellant argues that the trial court erred in failing to
redact extraneous offense evidence from State’s Exhibit 1. Appellant filed a
motion in limine requesting notice of the State’s intention to offer extraneous
offense evidence. Before trial and outside the presence of the jury, the State
asserted that it had no intention of offering any extraneous offense evidence,
barring the door being opened. At trial, the State offered into evidence the
warrant affidavit prepared by Detective Hays. The affidavit refers to the
anonymous information received from the tip hotline and states that Detective
Hays had learned that Appellant has a criminal history for possession of
marijuana under two ounces. Defense counsel objected to this exhibit solely
on the basis that it contained hearsay information concerning the anonymous
tip, which was overruled. Defense counsel did not object that the affidavit
referred to an extraneous offense. Subsequently, during the conference on the
jury charge, defense counsel objected to the inclusion of the extraneous offense
evidence contained in State’s Exhibit 1 and requested that it be redacted. After
the trial court noted that this exhibit had already been published to the jury, it
denied defense counsel’s objection. 
        Motions in limine do not preserve error; there must be a proper objection
to the proffered evidence. Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim.
App. 1988), cert. denied, 491 U.S. 910 (1989); Jones v. State, 133 S.W.3d
307, 319-20 (Tex. App.—Fort Worth 2004, no pet.) (op. on remand). Because
Appellant did not object to State’s Exhibit 1 on the basis that it contained
extraneous offense evidence when it was first admitted, he has failed to
preserve any error. Tex. R. App. P. 33.1(a); Jones, 133 S.W.3d at 320. We
overrule Appellant’s fifth point.
Jury Charge
        In his sixth point, Appellant argues that the trial court erred in failing to
include a requested jury charge regarding the lack of probable cause to support
the search warrant. During the charge conference, the following discussion
occurred:
THE COURT:Here is a copy of the proposed charge. How
long do you need to review it?
 
[DEFENSE COUNSEL]:I’m sorry?
 
THE COURT:How long do you need to review it? It has —
 
[DEFENSE COUNSEL]:Does it have possession in there?
 
THE COURT:It has the lesser, but it does not have the search
issue.
 
[DEFENSE COUNSEL]:Okay.
. . . .
 
[DEFENSE COUNSEL]:And what I would do is I will scribble out
an objection that it doesn’t contain that.
 
THE COURT:All right. Whatever you need to do.

        However, no objection was made, nor was a requested instruction
submitted to the trial court. Appellant argues on appeal that under Texas Code
of Criminal Procedure article 38.23(a) he was entitled to a jury instruction
“regarding the probable cause issue be presented to the jury as a fact issue.” 
See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 
        In order to preserve error relating to the jury charge there must either be
an objection or a requested charge. Vasquez v. State, 919 S.W.2d 433, 435
(Tex. Crim. App. 1996). In the absence of an objection, failure to include an
article 38.23 instruction is not fundamental error. Kelly v. State, 669 S.W.2d
720, 726 (Tex. Crim. App.), cert. denied, 469 U.S. 963 (1984). Therefore,
because the record does not contain any objection or request by Appellant, he
has failed to preserve this issue. See Plattenburg v. State, 972 S.W.2d 913,
920 (Tex. App.—Beaumont 1998, pet. ref’d) (holding that failure to request an
article 38.23 instruction forfeits error). We overrule Appellant’s sixth point. 
Conclusion
        Having overruled all of Appellant’s points, we affirm the trial court’s
judgment.


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.