ORTIZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-259-CR

MARGARITO ORTIZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant was indicted for possession with intent to deliver a controlled substance, methamphetamine, of four grams or more, but less than two hundred grams.  Appellant pleaded not guilty.  Following a trial on the merits, a jury found Appellant guilty and assessed punishment at five years’ confinement and a $10,000 fine.  In six points, Appellant argues that the trial court erred in (1) denying his motion to suppress, (2) denying his motion in limine regarding the introduction of money found in his home because its probative value was outweighed by its prejudice, (3) failing to grant a mistrial regarding the allegations of an anonymous tip, (4) allowing a police officer to testify as an expert, (5) failing to redact extraneous offense evidence from a State’s exhibit, and (6) failing to include his requested jury instruction regarding the failure of the search warrant affidavit to contain probable cause.  We affirm.

Factual and Procedural Background

Because the sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  The record shows that during November 2002, Narcotics Detective William Hays received information from a drug tip line in reference to possible narcotic activity occurring at 1618 San Francisco Street in Carrollton.  Based on this tip, Detective Hays began an investigation of the residence, initially conducted surveillance, and observed “quite a bit of foot traffic” to and from the residence.  Detective Hays described the traffic as “abnormal” because the people going to the residence would go through the fence into the backyard and would come right back out.  Following this surveillance, Detective Hays conducted two “trash runs” on November 11 and 18, 2002.  These “trash runs” consisted of Detective Hays collecting the trash from the residence left in the alley for collection and taking it to the police department to look for any evidence of drug activity.  During both “trash runs,” Detective Hays discovered mail linking Appellant to this particular residence, pieces of tin foil that were burned on one side, which Detective Hays stated was consistent with tin foil being used to smoke methamphetamine, and numerous plastic baggies containing residue that tested positive for methamphetamine. 

Based on his investigation, Detective Hays obtained a search warrant for the residence and executed it on November 21, 2002.  Inside the residence, officers located 2.2 grams of methamphetamine in the bathroom of a bedroom upstairs, 10 grams of methamphetamine and mail addressed to Appellant in a downstairs office, and a little over 8 grams of methamphetamine inside Appellant’s front jacket pocket.  Additionally, officers found $19,703 in cash and a small packet of methamphetamine inside a safe located in the downstairs office. 

Motion to Suppress

In his first point, Appellant argues that the trial court erred in denying his motion to suppress the evidence obtained pursuant to the search warrant because the affidavit supporting the warrant failed to establish probable cause. 

A magistrate's determination to issue a warrant is subject to a deferential standard of review.  
Swearingen v. State
, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  The task of the issuing magistrate is to make a practical common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  
Johnson v. State
, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds, Heitman v. State
, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991).  The magistrate’s determination of probable cause will be sustained if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.  
Swearingen
, 143 S.W.3d at 811; 
State v. Delagarza
, 158 S.W.3d 25, 26 (Tex. App.—Austin 2005, no pet.).

The affidavit in the present case showed that Detective Hays received anonymous information from the drug tip line that the residents at 1618 San Francisco Street in Carrollton were selling methamphetamine.  Detective Hays also learned that there had been two other calls to the Carrollton Police Department regarding “Crank” methamphetamine being sold at this residence.  Based on this information, Detective Hays collected trash from the alley behind this residence on November 11 and 18, 2002.  The affidavit shows that the trash collected on November 11 contained mail addressed to Appellant at 1618 San Francisco Street, along with three baggies with white powder residue that “field tested positive for Methamphetamine,” pieces of tin foil, and a “large ziploc baggie containing white powder residue which field tested positive of Methamphetamine.”  The trash collected on November 18 also bore mail addressed to Appellant at 1618 San Francisco Street, along with a “[c]lear plastic ziploc with apple symbol on the outside which typically contain smaller ziplocs used for packaging narcotics” and “[e]ight clear plastic ziplocs containing residue which field tested positive for Methamphetamine.”  Additionally, the affidavit states that Appellant has a criminal history for possession of marijuana under two ounces. 

Appellant first argues that “the tip provided from the anonymous tip line failed to provide probable cause.”  While this is correct, the search warrant was not issued solely on the basis of this anonymous tip.  
See State v. Steelman
, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002) (holding that a mere anonymous tip, standing alone, does not constitute probable cause).  The tip was used as a starting point for Detective Hays’s investigation, which led to the evidence recovered from the trash connected to the residence and Appellant.

Appellant also contends that the trash runs were insufficient because they were conducted on November 11 and 18, while the warrant was issued on November 19 and executed on November 21.  Acts attested to in an affidavit must be closely related to the time of the issuance of the search warrant so as to justify the finding of probable cause by the magistrate at the time.  
Serrano v. State
, 123 S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref’d).  Detective Hays testified that the trash in Carrollton is collected once a week and this was not challenged.  Therefore, he had to wait a week before making another trash run.  Thus, the acts attested to were as closely related to the time of the issuance of the warrant as was possible, given the fact that the span of a week was necessary in order to allow the collection of evidence from the trash.  Further, the warrant was issued the day after the second trash run, and therefore, it was reasonable for the magistrate to presume that narcotics would be found inside the residence when he issued the warrant.  

Additionally, the record tends to demonstrate that the activity at the residence was of an ongoing nature, making the one week span of less significance.  
See State v. Stone
, 137 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (“When the affidavit recites facts indicating activity of a protracted and continuous nature, the passage of time becomes less significant.”).  Furthermore, the resolution of doubtful or marginal cases should largely be determined by the preference to be accorded to warrants.  
Delagarza
, 158 S.W.3d at 29.  Therefore, in light of this preference of the use of warrants and giving deference to the magistrate’s determination of probable cause, we hold that the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant.  We overrule Appellant’s first point.

Evidence of Money

In his second point, Appellant argues that the trial court erred in allowing the admission of evidence regarding money found in his residence during the search.  The record shows that $19,703 in cash was recovered from a safe inside Appellant’s residence.  The record also shows that “one packet of methamphetamine” was recovered from this safe.  Appellant filed a motion in limine regarding the cash that was recovered from the safe and this motion was denied.  

During the trial, Appellant objected to the State’s reference during opening arguments and to Detective Hays’s testimony regarding the cash that was recovered and also objected to photographs of the cash that were entered into evidence during the State’s case in chief.  All of these objections were overruled.  Appellant complains that the evidence regarding the money was not relevant and also that photographs of “monetary gain as a result of drug dealing is highly prejudicial.” 

We review the trial court's admission of evidence by the abuse of discretion standard.  
Hargrove v. State
, No. 2-03-00249-CR, 2005 WL 375305, at *2 (Tex. App.—Fort Worth Feb. 17, 2005, no pet.).  The trial court's ruling will be upheld if it was within the zone of reasonable disagreement.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Evidence is relevant if it has any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence.  
Tex. R. Evid.
 401.  Intent to deliver may be proved by circumstantial evidence.  
Guy v. State
, No. 2-03-00411-CR, 2005 WL 375296, at *5 (Tex. App.—Fort Worth Feb. 17, 2005, no pet. h.).  Among the factors that have been used to establish intent is the presence of a large amount of cash.  
Guy
, 2005 WL 375296, at *5; 
Williams v. State
, 902 S.W.2d 505, 507 (Tex. App.—Houston 1st Dist.] 1994, pet. ref’d).  Because narcotics and a large sum of cash recovered from Appellant’s safe go to establish Appellant’s intent to deliver methamphetamine, we hold that the evidence of the money was relevant to whether Appellant committed the charged offense. 

Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  
Tex. R. Evid.
 403.  However, virtually all evidence proferred by a party to a lawsuit will be prejudicial to the opposing party.  
Montgomery v. State
, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990); 
Lewis v. State
, 856 S.W.2d 271, 275 (Tex. App.—Texarkana 1993, no pet.).  It is “unfair” prejudice against which Rule 403 guards.  
Montgomery
, 810 S.W.2d at 378;
 Lewis
, 856 S.W.2d at 275.  “Unfair” prejudice means an undue tendency to suggest making a decision on an improper basis, commonly an emotional one.  
Lewis
, 856 S.W.2d at 275.  The trial court has wide discretion in determining the admissibility of evidence under Rule 403, and its ruling will not be disturbed on appeal absent a showing of an abuse of discretion.  
Id
.

Given that the evidence of the money tended to provide a link in showing Appellant’s intent, the probative value of this evidence was high.  Further, methamphetamine was found with the money in Appellant’s safe.  Therefore, it is highly unlikely that the trial court’s admission of the money improperly suggested to the jury that they should make a decision based on emotion.  Additionally, Appellant offered testimony that he always kept large amounts of money in his safe because his father taught him to distrust banks.  Thus, evidence was produced to refute the claim by the State that the money was gained through selling methamphetamine, thereby reducing any potential unfair prejudice.  Therefore, we hold that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice.  
See Gonzales v. State
, 761 S.W.2d 809, 815 (Tex. App.—Austin 1988, pet. ref’d) (holding that because appellant’s intent to deliver could only be proved by circumstantial evidence, the probative value of a large sum of cash recovered from a safe deposit box was not substantially outweighed by danger of unfair prejudice).  Accordingly, we hold that the trial court did not abuse its discretion in admitting into evidence testimony and photographs of cash recovered from Appellant’s residence.  We overrule Appellant’s second point.

Anonymous Tip

In his third point, Appellant complains that the trial court erred in denying his motions for mistrial requested after references were made to the anonymous tip by the State and Detective Hays.  During its opening statement, the State made reference to the anonymous tip made to the Carrollton Police Department regarding the residence at 1618 San Francisco Street.  Defense counsel’s hearsay objection was sustained and the trial court gave the jury an instruction to “disregard the statement of the prosecutor.”  Defense counsel’s request for a mistrial was denied.  During the testimony of Detective Hays, in response to the State’s question of what led him to write a warrant, Detective Hays stated that he had initially checked the drug tip line.  Defense counsel’s hearsay objection was sustained and the trial court instructed the jury to “disregard the last response by the officer.”  Defense counsel’s request for a mistrial was denied. 

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard.  
Glassey v. State
, 117 S.W.3d 424, 431 (Tex. App.—Fort Worth 2003, no.pet.); 
see Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1070 (2000).  Mistrials are an extreme remedy for curing prejudice occurring during trial.  
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996); 
Glassey
, 117 S.W.3d at 431.  Because tactical decisions to offer prejudicial evidence are a normal and, in most respects, acceptable part of the adversary process, it would be counterproductive to terminate the trial every time an objection is sustained.  
Bauder
, 921 S.W.2d at 698.  Consequently, it is considered a sufficient response to most well-founded objections that the material be withdrawn from jury consideration, if necessary, and that jurors be admonished not to consider it during their deliberations.  
Id
.  A mistrial is only required when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury.  
Hinojosa v. State
, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

In the present case, both references to the tip line occurred very early in the trial and the trial court immediately instructed the jury to disregard in both instances.  The State did not comment again on the tip line after the its opening statement.  Additionally, Detective Hays’s reference to the tip line was in response to a general question from the State about how the investigation began.  There is nothing in the record to indicate that Detective Hays knew that he could not refer to the tip line, nor is there any evidence that the State was attempting to elicit a reference to the tip line through Detective Hays.  Appellant does not indicate how these two isolated references were “clearly calculated to inflame the minds of the jury” as he asserts.  Therefore, we conclude that the instruction to disregard effectively cured any prejudicial effect these references may have had.  
See Richardson v. State
, 823 S.W.2d 773, 777 (Tex. App.—Fort Worth 1992, no pet.) (holding that trial court's direct and explicit instruction to the jury to disregard the hearsay statement of police officer was adequate to cure any error).  We overrule Appellant’s third point.

Opinion Testimony

In his fourth point, Appellant argues that the trial court erred in allowing Detective Hays to testify as an expert without first being qualified as an expert.  During his testimony, Detective Hays was asked “do you believe that he also possessed it with intent to deliver the methamphetamine?”  Defense counsel objected on the basis that Detective Hays had not been qualified as an expert, but the objection was overruled.  Detective Hays answered, “Yes, sir.  Due to the — the amount of narcotic found at the location along with the scales and the numerous packaging material that was unused, I believe that — that that was for intent for delivery.” 

When a witness who is capable of being qualified as an expert testifies regarding events which he or she personally perceived, the evidence may be admissible as both Rule 701 opinion testimony and Rule 702 expert testimony.  
Osbourn v. State
, 92 S.W.3d 531, 536 (Tex. Crim. App. 2002).  Rule 701 permits a lay witness to offer opinion testimony if that opinion is “(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness’ testimony or the determination of a fact in issue.”  
Tex. R. Evid.
 701; 
see
 
Ex parte Nailor
, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004).  A lay witness may offer an opinion on an ultimate issue.  
Tex. R. Evid.
 704; 
Nailor
, 149 S.W.3d at 135.  Thus, although police officers have training and experience, they are not precluded from offering lay testimony regarding events which they have personally observed.  
Osbourn
, 92 S.W.3d at 536.

Accordingly, if Detective Hays’s testimony meets the requirements of Rule 701, it is admissible as a lay opinion.  
Id
. at 538.  Detective Hays based his opinion testimony on personal observations he made while investigating this offense.  Furthermore, Detective Hays’s testimony was helpful to a determination of a fact in question, i.e., Appellant’s intent.  Therefore, Detective Hays’s testimony was admissible as a lay opinion under Rule 701.  
See
 
id
. (holding officer’s testimony regarding identification of marijuana was admissible as a lay opinion); 
Thomas v. State
, 916 S.W.2d 578, 580-81 (Tex. App.—San Antonio 1996, no pet.) (holding that police officer could give opinion as both lay witness and expert witness regarding the operation of a “crack” house); 
Reece v. State
, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (holding that officer could testify based upon his training and experience that appellant’s actions were consistent with someone selling drugs); 
Williams v. State
, 826 S.W.2d 783, 785 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d) (holding that officer could give opinion as both lay witness and expert witness that he interpreted appellant’s actions to be a drug transaction).  Because Detective Hays’s testimony could be properly admitted as a lay opinion, the trial court did not abuse its discretion by admitting it.  We overrule Appellant’s fourth point.

Extraneous Offense Evidence

In his fifth point, Appellant argues that the trial court erred in failing to redact extraneous offense evidence from State’s Exhibit 1.  Appellant filed a motion in limine requesting notice of the State’s intention to offer extraneous offense evidence.  Before trial and outside the presence of the jury, the State asserted that it had no intention of offering any extraneous offense evidence, barring the door being opened.  At trial, the State offered into evidence the warrant affidavit prepared by Detective Hays.  The affidavit refers to the anonymous information received from the tip hotline and states that Detective Hays had learned that Appellant has a criminal history for possession of marijuana under two ounces.  Defense counsel objected to this exhibit solely on the basis that it contained hearsay information concerning the anonymous tip, which was overruled.  Defense counsel did not object that the affidavit referred to an extraneous offense.  Subsequently, during the conference on the jury charge, defense counsel objected to the inclusion of the extraneous offense evidence contained in State’s Exhibit 1 and requested that it be redacted.  After the trial court noted that this exhibit had already been published to the jury, it denied defense counsel’s objection.  

Motions in limine do not preserve error; there must be a proper objection to the proffered evidence.  
Webb v. State
, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988), 
cert. denied
, 491 U.S. 910 (1989); 
Jones v. State
, 133 S.W.3d 307, 319-20 (Tex. App.—Fort Worth 2004, no pet.) (op. on remand).  Because Appellant did not object to State’s Exhibit 1 on the basis that it contained extraneous offense evidence when it was first admitted, he has failed to preserve any error.  
Tex. R. App. P.
 33.1(a); 
Jones
, 133 S.W.3d at 320.  We overrule Appellant’s fifth point.

Jury Charge

In his sixth point, Appellant argues that the trial court erred in failing to include a requested jury charge regarding the lack of probable cause to support the search warrant.  During the charge conference, the following discussion occurred:

THE COURT: Here is a copy of the proposed charge.  How long do you need to review it?

[DEFENSE COUNSEL]: I’m sorry?

THE COURT: How long do you need to review it?  It has —

[DEFENSE COUNSEL]: Does it have possession in there?

THE COURT: It has the lesser, but it does not have the search issue.

[DEFENSE COUNSEL]: Okay.

. . . .

[DEFENSE COUNSEL]: And what I would do is I will scribble out an objection that it doesn’t contain that.

THE COURT: All right.  Whatever you need to do.

However, no objection was made, nor was a requested instruction submitted to the trial court.  Appellant argues on appeal that under Texas Code of Criminal Procedure article 38.23(a) he was entitled to a jury instruction “regarding the probable cause issue be presented to the jury as a fact issue.”  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon 2005).  

In order to preserve error relating to the jury charge there must either be an objection or a requested charge.  
Vasquez v. State
, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).  
In the absence of an objection, failure to include an article 38.23 instruction is not fundamental error. 
 Kelly v. State
, 669 S.W.2d 720, 726 (Tex. Crim. App.), 
cert. denied
, 469 U.S. 963 (1984).  Therefore, because the record does not contain any objection or request by Appellant, he has failed to preserve this issue.  
See Plattenburg
 
v. State
, 972 S.W.2d 913, 920 (Tex. App.—Beaumont 1998, pet. ref’d) (holding that failure to request an article 38.23 instruction forfeits error).  We overrule Appellant’s sixth point.  

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.